DOMENGEAUX, Chief Judge.
Jeffery W. West was convicted of aggravated rape, two counts of aggravated crime against nature, and one count of aggravated burglary, violations of La.R.S. 14:42, 14.89.1, and 14:60 respectively. West was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the rape count, fifteen years at hard labor on the burglary count, and ten years at hard labor on the remaining counts, each sentence to run concurrently with the others.
Three years after his conviction, defendant was granted an out of time appeal. In his application for relief, defendant raised three assignments of error, but specifically abandoned two of those in his brief to this Court. In his remaining assignment of error, defendant contends the trial court erred in failing to appoint a sanity commission.
FACTS
On April 28, 1985, a masked man entered the window of an apartment in Pineville, Louisiana. Upon entering, he forced the two young women who lived there to engage in repeated acts of oral sex with him and with each other. While engaging in sexual intercourse with one of the victims, the other victim was able to take the knife away from the perpetrator and, in the ensuing struggle, was able to pull his mask off and get a look at his face. The perpetrator then fled the apartment, leaving his pants behind. The police found a set of keys in the pants pocket which fit defendant’s car and apartment. Defendant, a neighbor of the victims, was subsequently positively identified by one of the victims.
Defendant was subsequently indicted by a grand jury on one count of aggravated rape, one count of aggravated burglary, and two counts of aggravated crime against nature. A sanity commission was convened at the request of defendant, and the two psychiatrists who examined the defendant determined he was competent to stand trial.
At the time of trial, counsel for defendant requested a second sanity commission, alleging the 'defendant suffered from certain religious delusions which rendered him *1007 incapable of understanding the proceedings or assisting counsel with his defense. The motion was denied and defendant was subsequently convicted as charged at a bench trial.
ASSIGNMENT OF ERROR
Defendant contends that the trial court erred in failing to appoint a sanity commission when the issue of competency was raised by non-frivolous contentions of counsel and the court had no opportunity to make an independent determination of defendant’s competency. Defendant argues the trial court violated La.C.Cr.P. art. 642 in failing to take any steps to satisfy itself as to the defendant’s mental capacity other than the reading of sanity commission reports compiled three months before. Defendant suggests the trial court should have responded to the allegations of counsel by granting the motion for the appointment of a second sanity commission. At the very least, the court should have questioned defendant in order to satisfy itself as to the merits of the motion.
The record reveals that a sanity commission consisting of two psychiatrists was appointed on September 24, 1985. The commission’s medical reports were filed on October 8, 1985; both doctors concluded the defendant was able to understand the charges and proceedings against him and was able to assist in his own defense. A sanity hearing was held on December 5, 1985, and the court found the accused mentally competent to stand trial.
One month later, on the morning of trial, the court granted defendant’s motion for a second hearing to determine his mental capacity to proceed. At that hearing, defendant’s counsel alleged that defendant was suffering from religious delusions which made him incapable of understanding the proceedings or assisting counsel with his defense. Defendant’s counsel declined to present evidence on defendant’s condition, and the State merely resubmitted the psychiatric reports which were introduced at the first sanity hearing. The trial court then denied the request for the appointment of a second sanity commission, because of a lack of proof.
Because Louisiana law presumes the defendant is sane and responsible for his actions, a defendant has the burden of establishing his own incapacity. La.R.S. 15:432. The defendant must prove by a preponderance of the evidence that he is incompetent to stand trial as a result of a mental disease or defect. La.C.Cr.P. art. 641; State v. Perry, 502 So.2d 543 (La.1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987).
In State v. Bickham, 404 So.2d 929 (La.1981), the Supreme Court affirmed the denial of the defendant’s unsubstantiated request for the appointment of a sanity commission. “The court must order a mental examination when there are reasonable grounds to doubt defendant’s mental capacity to proceed.” Id. at 934. [Emphasis in original.]
The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Wilkerson, 403 So.2d 652 (La.1981). Where the issue is presented by mere allegations without supporting evidence, the exercise of discretion conferred on the trial judge will not be disturbed. Id. at 658.
In the instant case, defendant did not present any evidence in support of his motion for the appointment of a second sanity commission. Defendant did not meet his burden of proof on this issue, and his conviction will therefore be affirmed.
For the reasons assigned, the conviction and sentence of Jeffery W. West are affirmed.
AFFIRMED.