JjGREMILLION, Judge.
The defendant, Raynall Lee Bell,[1] was convicted by a jury of one count of battery of a correctional employee, in violation of La.R.S. 14:34.5, and sentenced to three and a half years at hard labor, without the benefit of probation, parole, or suspension of sentence, to run consecutively with any other sentence he was presently serving. On appeal, Defendant contends that there was insufficient evidence to sustain his conviction, the trial court erred in denying his motion to appoint a sanity commission, and the sentence imposed was excessive.
SUFFICIENCY OF EVIDENCE
Defendant was charged by bill of information with battery of a correctional employee. Specifically, he was accused of striking and biting Deputy Steven Mendoza after Mendoza ordered him to return to his cell. Defendant claims that there was insufficient evidence to prove he committed a battery. He argues that he threw a milk carton at Mendoza after being provoked by him. Although Defendant admits that he struck and bit Mendoza, he contends it was only after Mendoza struck him in response to being hit with the milk carton; therefore, he argues, he was acting in self-defense.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether the evidence viewed in the light most favorable to the prosecution was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
12Pefendant was charged under La.R.S. 14:34.5, which states in part: “Battery of a correctional facility employee is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty.” La.R.S. 14:33 defines battery as the “intentional use of force or violence upon the person of another.” The use of force or violence in defense is justified when “committed for the purpose of preventing a forcible offense against the person ... provided that the force or violence used must be reasonable and apparently necessary to prevent such offense.” La.R.S. 14:19.
Mendoza, who was employed with the Lafayette Parish Correctional Center, testified that on the morning of April 2, 2000, he was taking breakfast to the inmates. He stated that Defendant walked out of his cell into the hallway, grabbing a carton of milk on his way out, when he unlocked his cell door to hand him his breakfast tray. According to Mendoza, Defendant walked down the hallway area and began banging on the control room’s door. Mendoza testified that leaving the cell was against the regulations. He stated that he ordered Defendant to return to his cell several times, but Defendant ignored him. Mendoza stated that Defendant turned, smashed the milk carton in his hand, and struck him in the face before he could radio for backup. A struggle between Mendoza and Defendant ensued with Defendant on top of Mendoza and his face buried in Mendoza’s stomach. The *819 evidence showed that Defendant then bit Mendoza in the stomach several times.
Defendant testified that he left the cell to get a cigarette, and that Mendoza told him to “[g]et your ass back in here, man.” He further testified as [ ¡¡follows:
Yes, sir. I said: Man, respect me. At least talk about the lord early in the morning, man. I said: Me and you cool, bro. You know me, man. I’m Raynail Bell, bro. He said: I don’t give a damn, get in your cell and close your door. Man, he was in my face telling me that. So man, I hit him with the milk carton in his face. I didn’t hit him with my hand. I hit him with the milk carton.
[[Image here]]
I didn’t mean to hit him with the carton, man. He just was in my face like that, you know.
Although Defendant admitted that he initiated the altercation by throwing the milk carton, he contended that his subsequent actions were motivated by the need to defend himself. Defendant testified that Mendoza hit him four times in the face, and then he struck back and they toppled to the floor where Mendoza continued hitting him. He claimed he bit Mendoza in order to get Mendoza off of him.
Chad Blanchard, a deputy with the Lafayette Parish Correctional Center, testified that he was on duty in the control room on the morning of the incident. He said he became aware of the problem when Defendant started banging on the door. He testified that he heard Mendoza tell Defendant to get back into his cell, but he did not hear any cursing, nor did he see who started the fight. He stated he did not see anything until he heard Mendoza screaming, at which time he looked out and saw Defendant on top of Mendoza. Deputy Blanchard tried to pull Defendant off of Mendoza, but he was not able to break his hold until other deputies arrived to assist.
The testimony of a witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions |4or irreconcilable conflict with physical evidence. State v. Henry, 95-428 (La.App. 3 Cir. 10/4/95), 663 So.2d 309, writ denied, 96-0681 (La.5/16/97), 693 So.2d 793, State v. President, 97-1593 (La.App. 3 Cir. 7/15/98), 715 So.2d 745, writ denied, 98-2115 (La.12/11/98), 729 So.2d 590. We, therefore, conclude that there was sufficient evidence for the jury to conclude that Defendant committed the crime of battery of a correctional facility employee. Accordingly, this assignment of error is without merit.
SANITY COMMISSION
In his second assignment of error, Defendant contends the trial court erred when it denied his motion to appoint a sanity commission because he was unable to comprehend the proceedings against him or to assist his counsel at trial. Defendant filed a motion for appointment of a sanity commission on November 24, 1999. The trial court held a contradictory hearing on Defendant’s motion on January 3, 2000. At that time, the State presented documentation of a sanity hearing held three months previously on September 23, 1999. The documentation included two medical evaluations completed in May and November of 1998, concerning whether Defendant was capable of assisting in his defense of charges pending in the Fifteenth Judicial District Court under docket number 77,049. In that matter, it was determined by the trial court that the Defendant was competent to assist counsel. Based on that prior determination, the trial court in the present matter denied De *820 fendant’s motion for an appointment of a sanity commission.
Defendant argues that the trial court should have granted the motion since he got into trouble again after the evaluations were done in 1998, a little more |sthan a year prior to the hearing at issue. He argues that this is especially true since one of the evaluators had previously found him to be incompetent to assist his counsel at trial on a 1996 charge.
A defendant is presumed sane under Louisiana law and he has the burden of proving by a preponderance of the evidence that he is incapable of proceeding to trial. La.Code Crim.P. art. 652; State v. Brooks, 541 So.2d 801 (La.1989), State v. West, 559 So.2d 1005 (La.App. 3 Cir.1990). A trial court’s determination that a defendant is competent to proceed to trial is given great weight and will not be overturned absent an abuse of discretion. State v. Armant, 97-1256 (La.App. 5 Cir. 5/27/98), 719 So.2d 510, writs denied, 98-1884, 98-1909 (La.11/20/98), 729 So.2d 3, 4.
In West, 559 So.2d 1005, this court addressed an issue similar to the one at bar in this case. A month after the trial court found the defendant competent to stand trial, the defense counsel filed a second motion to appoint a sanity commission. At the hearing on the motion, counsel alleged defendant was suffering from a religious delusion which made him incapable of understanding the proceedings or assisting with trial. The defendant did not present additional evidence on his condition and the State resubmitted the psychiatric reports which were used for the first sanity hearing. The trial court denied the request for the appointment of a second sanity commission because of a lack of proof. We affirmed the trial court’s decision.
In the instant case, Defendant did not offer any additional evidence concerning his condition at the hearing on his motion, but simply asked the trial court to review the record and consider the circumstances of his arrest which led to the | ¿initial charges against him. He further asked the trial court to consider the incidences involving the attack or attacks on police officers while he was incarcerated, claiming he was confused when those attacks occurred.
In West, we wrote:
In State v. Bickham, 404 So.2d 929 (La.1981), the Supreme Court affirmed the denial of the defendant’s unsubstantiated request for the appointment of a sanity commission. “The court must order a mental examination when there are reasonable grounds to doubt defendant’s mental capacity to proceed.” Id. at 934 [Emphasis in original.]
... Where the issue is presented by mere allegations without supporting evidence, the exercise of discretion conferred on the trial judge will not be disturbed. Id. [State v. Wilkerson (Clarence Everett) 403 So.2d 652] at 658.
Id. at 1007.
The Louisiana Supreme Court in State v. Bennett, 345 So.2d 1129, 1138 (La.1977) (citations omitted), stated:
The decision as to a defendant’s competency to stand trial should not turn solely upon whether he suffers from a mental disease or defect, but must be made with specific reference to the nature of the charge, the complexity of the case and the gravity of the decisions with which he is faced.
In this case, Defendant was charged with a battery on a correctional officer. He testified in his own defense at trial. He described the event as it unfolded from the time he was awakened in the morning by Mendoza until he was pulled off of him by Deputy Blanchard. He described in *821 detail how he was provoked into throwing the milk carton and he described what and how he felt during the altercation.
At the sentencing hearing, Defendant reasserted that he was not competent to have stood trial. At that time, the trial court said:
|7I do note, though, that you took the stand during your trial and I was impressed with your ability to comprehend and understand the proceedings. And, during your testimony, I did not get the impression that you were in any way confused about the charges. In fact, you were able to relate quite well to the Court what had occurred in the incident involving Deputy Mendoza.
And so, while I understand your argument, [Defense Counsel], I know that there has previously been an examination of Mr. Bell, and experts have determined that he is able to proceed. And I, in fact, based upon his behavior during his trial — particularly, his testimony— find that he was aware of the proceedings and able to proceed.
There is nothing in the record that would indicate that Defendant did not understand the nature of the charge and the gravity of the situation or substantiates his allegation that he was unable to assist counsel in his defense. Defendant did not submit evidence to the trial court sufficient to establish reasonable grounds as to his mental capacity to proceed. Accordingly, we find that the trial court did not abuse its discretion in denying Defendant’s motion to appoint a sanity commission. This assignment of error is without merit.
EXCESSIVE SENTENCE
Finally, Defendant claims that his sentence of three and a half years at hard labor without the benefit of parole, probation, or suspension of sentence is excessive in light of his mental illness. Defendant asserts that the trial court did not make it clear whether his mental illness was taken into consideration when it sentenced him.
“In light of the criteria expressed by [La.Code Crim.P. art.] 894.1, a review for excessiveness of an individual sentence should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision.” State v. Texada, 98-1647, pp. 19-20 (La.App. 3 Cir. 5/5/99), 734 So.2d 854, 864-865. Pursuant to La.R.S. 14:34.5(B)(2), the offender shall be “imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years.” At the sentencing hearing, the trial court noted for the record Defendant’s mental condition as a fact in mitigation. It also noted Defendant’s prior criminal activity, which involved several attacks on police officers, and the fact he had previously been given a probated sentence on a felony conviction, but violated the probation. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Applying this standard, we hold that the trial court did’ not abuse its vast discretion and that this assignment of error is without merit.
CONCLUSION
Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. A/k/a Raynail Lee Bell, Raynil Lee Bell, Raynell Bell, and Raynail Wong.