| WOODARD, Judge.
On June 27, 2001, Mr. Timothy Bingham was incarcerated in the Beauregard Parish Jail for a probation violation. He refused to return to his cell as one of the correctional officers had instructed him. He and several other correctional officers struggled. Several of the officers were injured during the scuffle, when they attempted to restrain him. Mr. Bingham was subsequently charged and convicted of three counts of battery on a correctional facility employee. He now appeals his sentence, alleging that it is excessive because of his mental illness. We affirm.
[[Image here]]
The Defendant, Timothy Bingham, was charged with three counts of battery of a correctional facility employee, a violation of La.R.S. 14:34.5. He pled not guilty to all of the charges. However, at the beginning of trial, he moved to change his plea to not guilty by reason of insanity, which the trial court denied. Thus, he moved for a mistrial, which the court also denied. A jury found him guilty on all three counts. The trial court sentenced him to serve three years at hard labor on each count to run concurrent with each other but consecutive to any previous sentence, with credit for time served, without benefit of probation, parole, or suspension of sentence. Mr. Bingham filed a motion to reconsider his sentence, asserting that it was excessive. He noted that the charge would be a misdemeanor had it not occurred in the correctional facility. The trial court denied this motion, stating that the three-year sentence was clearly not excessive given the maximum five-year sentence which the statute prescribes. He appeals.
Errors Patent
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find none.
Is.ExCessiveness of Sentence
Mr. Bingham contends that his sentence of three years at hard labor to run consecutive with any other sentence, without benefit of parole, probation, or suspension of sentence is excessive because of his mental illness. We note that, actually, he was sentenced to serve three concurrent three-year sentences without benefit of parole, probation, or suspension of sentence.
Article 1, Section 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence within the statutory limits may still be deemed excessive under the particular circumstances of the case.[1] State v. Hopkins[2] illustrates this court’s position relative to excessive sentencing as follows:
The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive lacking a manifest abuse of discretion.
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is war *127 ranted. Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guide- ■ lines in particularizing the defendant’s sentence.
(Citations omitted.)
The Defendant was charged under La. R.S. 14:34.5(A)(1), which states, in pertinent part:
■ Battery of a correctional facility employee is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty.
|3The penalty under La.R.S. 14:34.5(B)(2) provides:
If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Safety and Corrections, or is being detained in a jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
In State v. Bell,[3] this court upheld the defendant’s conviction and sentence for battery of a correctional facility employee of three and one-half years at hard labor without benefit of parole, probation, or suspension of sentence as not being excessive, even though he suffered from mental illness.
In the case sub judice, mental illness notwithstanding, the trial court noted that Mr. Bingham had a prior felony conviction for contributing to the delinquency of a juvenile in violation of La.R.S. 14:92. While on probation for that offense, he was charged and convicted of viewing child pornography on the internet. At the time of the commission of the offense currently before this court, he was in the legal custody of the Beauregard Parish Jail for a probation violation on the viewing child pornography on the internet charge.
We find that Mr. Bingham’s prior felony conviction, his subsequent probation violation, his commission of this offense while in the custody of the jail, and the fact that the three sentences were ordered to be served concurrent with each other are sufficient factors to uphold the trial court’s decision to impose three years at hard labor on each count.
Consideration of Mental Condition
Mr. Bingham also contends that the trial court did not adequately consider his mental condition when imposing sentence. During the sentencing hearing, the trial court heard testimony from his mother and his social worker regarding his mental | ¿illness. Both witnesses acknowledged his diagnosis of Bipolar II disorder, which causes him to become easily agitated in addition to having anger management problems. Dr. Ramin Shala, a psychiatrist who treated him, prescribed Zoloft, Neuro-tonin, and Depakote to manage his mental illness.
*128 At the sentencing hearing, the trial court made the following comments concerning Mr. Bingham’s mental condition:
However, I am also of the belief that some consideration must be given you in connection with your established mental disability. In determining the length of the sentence, I’ve taken into account the factors favorable to you, including your age and the testimony presented by family and friends at your recent sentencing hearing. However, even they acknowledge that your impulsiveness is a serious behavioral problem. And though you are prescribed medication for your disability, you are resistant to taking it. Further, they acknowledge that your mood swings must frequently be accommodated with great patience and deference. You seem to this Court to be in denial of your medical needs and, as such, a potential danger to the public should someone choose not to treat you with such deference. Clearly, correctional officers are not required to do so and cannot be if they are to maintain control of the public’s places of detention.
The record demonstrates that the trial court adequately considered Mr. Bing-ham’s mental illness when imposing sentence on the three counts of battery on a correctional facility employee. Accordingly, the sentence is not excessive, especially given his prior felony conviction and subsequent probation violation. We affirm.
CONCLUSION
For the foregoing reasons, we affirm Mr. Bingham’s sentence.
AFFIRMED.

. State v. Sepulvado, 367 So.2d 762 (La.1979).

. 96-1063, p. 6 (La.App. 3 Cir. 3/5/97); 692 So.2d 538, 541.

. 2001-372 (La.App. 3 Cir. 10/3/01); 796 So.2d 816.