461 So.2d 551 (1984)
STATE of Louisiana In the Interest of David Shun JOHNSON.
No. CR84-128.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*552 David Kimball, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Ronald Rossito, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
*553 KNOLL, Judge.
This appeal concerns a juvenile proceeding wherein the defendant, David Shun Johnson, was adjudicated a delinquent for committing aggravated rape, a violation of LSA-R.S. 14:42(4), and simple kidnapping, a violation of LSA-R.S. 14:45. The juvenile court sentenced defendant to serve five years for the simple kidnapping conviction, and seven years and three months for the aggravated rape conviction. After the court considered the defendant's evaluation and testing by the Juvenile Reception and Diagnostic Center, defendant was committed to the custody of the Louisiana Department of Corrections for an indefinite period of time, but not to exceed his twenty-first birthday.
Defendant relies upon the following six assignments of error for a reversal of his conviction and sentence, contending the trial court erred:
1. In allowing a police officer to testify to hearsay statements made by the victim concerning the identity of the alleged perpetrator;
2. In allowing a police officer to testify to hearsay statements of the victim concerning the details of the alleged rape without requiring the State to lay a proper foundation showing these statements came within the first report of the rape exception to the hearsay rule;
3. In denying the defendant's motion for acquittal at the close of the State's case;
4. In finding the defendant guilty of the crimes charged when there was insufficient evidence to support a guilty verdict, and in completely discrediting the testimony of a defense witness based solely on the fact that the witness had prior criminal convictions.
5. In imposing an unconstitutionally excessive sentence in violation of LSA-Const. Art. 1, § 20.
6. In denying the defendant's motion for suspension of sentence pending appeal.
We affirm, finding the assignments of error are without merit.

FACTS
On April 26, 1983, defendant, who was thirteen years of age, forcibly took a nine year old girl from the parking lot of a neighborhood grocery store, between approximately 7:00 p.m. and 8:00 p.m. Both the victim and defendant resided in the same block where the grocery store was located. A fourth grade student witnessed defendant drag the victim into his homea green house located across the street from the grocery store. After defendant and the victim were inside the home, he forcibly removed her clothing and forced her to have vaginal sexual intercourse with him. After the act, he threatened to kill the victim if she did not come back the next day; then he released her. She ran to her parents' home across the street and informed her family that she had been raped. She was crying and very upset. She stated that it was her brother's friend who raped her, and pointed to defendant's house. She was taken to the emergency room at Memorial Hospital while her brother called the Lake Charles City Police who met her and her father at the hospital.
Because the emergency room at Memorial Hospital was in use she was taken to St. Patrick's Hospital where Dr. Howard Montgomery Rigg, III found bruises and spermatozoa in her vagina. The officers obtained the victim's clothing at the hospital.
The officers initially questioned defendant at his home on the evening of April 26, 1983, wherein he denied having any sexual activity with the victim. Defendant's father consented to a search of the residence, resulting in the seizure of several articles, to include a towel. Defendant's parents then drove him to the police station for further investigation. The Southwest Louisiana Criminalistic Laboratory Report showed seminal acid phosphatase in the crotch areas of the victim's jeans and panties, as well as on the towel seized from defendant's bedroom.
*554 Defendant's mother and a friend served as alibi witnesses testifying that he was home on the evening in question watching television, except for a brief period when he went to the store for snacks.

ASSIGNMENTS OF ERROR ONE AND TWO
Since defendant failed to brief these assignments of error, they are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENTS OF ERROR THREE AND FOUR
Defendant contends that there was insufficient evidence to support a guilty verdict, therefore, the trial court erred in denying his motion for acquittal. He further contends that the trial court erred by discrediting the testimony of a defense witness based solely on the fact that the witness had a record of multiple convictions.
The standard of review of sufficiency of the evidence is whether a rational trier of fact, accepting the facts in a light most favorable to the prosecution, could have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983); State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). A juvenile is entitled to the protection of the due process clauses of the Fourteenth Amendment to the United States Constitution, and to all the attendant safeguards guaranteed to anyone accused of a crime. In Re Gualt, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir.1981). Therefore the burden of proving the charges against a juvenile and the standard of review of the sufficiency of the evidence is no less than against an adult. Franklin, supra; In Interest of Day, 378 So.2d 511 (La.App. 4th Cir.1979).
Defendant argues that the State's case rested solely upon the testimony of the alleged victim, and that her testimony alone is insufficient to carry the burden of proving guilt beyond a reasonable doubt. We disagree. The victim testified that she knew defendant from school and sometimes saw him on a daily basis. She positively and unequivocally identified the defendant as the perpetrator on numerous occasions during the trial. Immediately after the rape occurred, she ran home and informed her family that defendant raped her in his home. The record shows that her testimony is candid and sincere.
Identification by a single witness may support a conviction despite considerable alibi testimony. In Interest of Cushenberry, 378 So.2d 492 (La.App. 4th Cir.1979). In addition to the victim's testimony, the State presented corroborating testimony of an eye witness (a fourth grade student) to the simple kidnapping. Although the student was not able to identify defendant in court, he was certain that the victim was dragged by a man into the green house across the street from the grocery store and that defendant lived in the green house.
A defense witness, Ellis Thomas, testified that he was with defendant during the time that the alleged rape occurred. Thomas is a friend of defendant and has a criminal record which reflects thirteen convictions, including public bribery. The trial judge, in his well reasoned and considered opinion, stated:

"... The Court, of course, has heard all of the testimony in this case, and I'm quite impressed by the young girl's testimony. I believe her story, that she was raped, and I know that she identified David Johnson in this particular instance. She also testified that she was taken to the green house across from Smitty's Grocery Store. There's no testimony to refute that the house of David is green. Also, there was no testimony to refute the young man's testimony that David took the little girl to the green house across from Smitty's. *555 The young man could not identify the particular person sitting here. However, I'm sure that he could not have made up the story about the boy taking the girl into the green house. Taking the other testimony that the Court has heard, I have to state that most of it was purely circumstantial evidence. However, the evidence which was presented by the father of the child, together with the brothers, was all around the time of the occurrence. Some of it was certainly hearsay, however, the Court accepted it because it was around the gestae of the occurrence of this event. I do not believe that the young girl at that particular point, in her condition, and that quick, could have fabricated the story that she told them. Their story was certainly corroborated by each other. I have to, of course, consider all of the other testimony, and I considered the testimony of Mr. and Mrs. Trahan. Mrs. Trahan testified that she was home that afternoon with David Shun Johnson from the time he came home. In response to the question by David's attorney as to when they ate supper, it was not until after they came back from the jail. David testified that he ate before the program that he was watching came on. He also testified that he went across the street during the program. It seems to me that everyone knew the exact time of this particular program on this particular evening. I heard the testimony of Mr. Ellis Thomas, and the Court, of course, considered that testimony. However, the Court, after considering his previous convictions and the types of convictions, the Court did not place much value on his testimony whatsoever. If there were a doubt in my mind at this particular time, the Court would have no hesitation but to find David not guilty, but I feel that this case has been proven...."

It is well settled that when there is conflicting testimony as to a factual matter, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. The trial judge's factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La.1977). We do not find that the trial judge abused his discretion in determining the credibility of the witnesses.
We have carefully reviewed the record and after viewing the evidence in the light most favorable to the prosecution, we find the trial court could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the record supports the trial court's verdicts of guilty on both counts.
These assignments of error are without merit.

ASSIGNMENT OF ERROR FIVE
By this assignment, defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. Article 1, § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980).
LSA-C.J.P. Art. 86 provides general guidelines for disposition in juvenile cases and states in pertinent part:
"A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal."
The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should *556 not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Bonanno, supra.
In the instant case, defendant was found guilty of two violent offenses. A clinical psychologist and a psychiatrist recommended the maximum sentence. The trial court, after a careful study of defendant's history, found defendant in need of rehabilitation and a proper person for commitment to the Department of Corrections. He sentenced defendant to serve an indefinite period of time, but not to exceed defendant's twenty-first birthday. This is a total of seven years and three months. If defendant had been 22 months older, he would have received the mandatory sentence of life imprisonment at hard labor. We find no abuse of the sentencing court's wide discretion in imposition of the sentence, nor do we find defendant's sentence so disproportionate to the crime committed as to shock our sense of justice.
This assignment of error is without merit.

ASSIGNMENT OF ERROR SIX
Defendant contends that the trial court erred in denying his motion for suspension of sentence pending appeal. LSA-C.J.P. Art. 103, provides:
"The effect of a judgment of disposition shall not be suspended by an appeal unless the trial court or court of appeals directs otherwise."
Therefore, a suspension of sentence is entirely a discretionary matter.
Defendant argues that since he has stayed out of trouble since the offenses occurred and timely appeared in court at all stages of the proceedings, he was entitled to have his sentence suspended pending appeal. He does not claim the sentencing court abused its wide discretion nor does the record support such a claim. His good behavior after he committed the offenses until his convictions is not convincing evidence of continual good behavior pending appeal. In light of the serious and violent offenses committed by defendant, we find no abuse of the sentencing court's discretion.
We further find this assignment of error is moot.

DECREE
For the foregoing reasons, the convictions and sentences of the juvenile defendant, David Shun Johnson, an adjudicated delinquent, are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns written reasons.
DOMENGEAUX, Judge, concurring.
I concur simply to again state my disagreement with the jurisprudence of this State as set out by the Louisiana Supreme Court on the question of appellate review of sentences for excessiveness and the adoption of the Jackson v. Virginia rule. On the former, see my concurring opinions in State v. Goodman, 427 So.2d 529 (La. App. 3rd Cir.1983); State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir. 1983); and State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984). Concerning standard of review, see my concurring opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984).