502 So.2d 293 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles "Skip" BRIAN, Defendant-Appellant.
No. CR86-780.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*294 C.R. Whitehead, Jr., Natchitoches, for defendant-appellant.
Mike Henry, Dist. Atty., Ted D. Hernandez, Asst. Dist. Atty., Natchitoches, for plaintiff-appellee.
Before DOUCET, LABORDE and KING, JJ.
DOUCET, Judge.
Defendant, Charles "Skip" Brian, was charged by bill of information with distributing marijuana on January 23, 1986, a violation of La.R.S. 40:966(A). On June 4, 1986, defendant waived his right to trial by jury and was found guilty as charged of the above crime by the Honorable Peyton Cunningham, Jr. Defendant was sentenced to three years at hard labor for the above offense, to be served concurrently with another sentence he received in a simple burglary conviction which was then pending appeal. Defendant appeals his conviction of distributing marijuana based on two assignments of error.
On Thursday, January 23, 1986, an undercover narcotics agent with the Sabine Parish Sheriff's Department crossed into Natchitoches Parish with a confidential informant and, at approximately 6:10 P.M., purchased a quarter of an ounce of marijuana from defendant. At trial, the state called as a witness the undercover agent who positively identified the defendant in court as the person who sold her the marijuana. The state also introduced a minute entry of a different criminal proceeding against defendant which indicated that the defendant was present in the Natchitoches Parish Court with counsel on January 24, 1986, the day after the alleged drug sale occurred.
Defendant claimed he was in New Orleans from 3:00 P.M. on January 23, 1986 until the following Sunday, January 26, 1986. To prove his alibi, defendant called as witnesses his mother, who stated defendant drove her husband to New Orleans on January 23rd; his stepfather, who stated that defendant and he arrived in New Orleans at 3:00 P.M. on January 23rd; and two friends of defendant, who stated that defendant stayed with them sometime late in January and left on a Sunday. The trial court found defendant guilty and stated that the testimony of the defendant's witnesses were not credible because they were too vague.
Defendant first contends the trial court erred when it allowed into evidence a certified copy of court minutes that showed that defendant was present for a Natchitoches Parish court hearing on January 24, 1986, without requiring the state to prove *295 that defendant was the same Charles "Skip" Brian as the one named in the minute entry.
Defendant cites the case of City of Monroe v. French, 345 So.2d 23 (La.1977), as requiring the state to prove that the person named in the minute entry was the same person as the defendant on trial.
The French case, as well as two cases involving multiple offenders which were cited by the court as authority for its holding, concern enhanced or increased sentences based upon a defendant's prior conviction(s). Such is not the case here. The minute entry was offered to rebut defendant's alibi that he was in the New Orleans area from Thursday afternoon, January 23rd, until Sunday evening, January 26th.
Certified copies of court minutes are admissible as evidence without the necessity of authentication by the clerk of court. State v. Cobb, 419 So.2d 1237 (La. 1982); State v. Rowell, 306 So.2d 668 (La. 1975). A defendant must be present in person when a plea of guilty is entered. La.C.Cr.P. arts. 553, 831. The certified copy of the minute entry shows that a Charles "Skip" Brian, accompanied by his attorney, C.R. Whitehead, Jr., pled guilty to simple burglary on January 24, 1986. The minute entry contains a verbatim transcript of the colloquy between the presiding judge and Charles "Skip" Brian. Defendant's full name is Charles Junior Brian, Jr., although the bill of information in the instant case names Charles "Skip" Brian as defendant. Mr. Whitehead is defendant's counsel in the instant case on appeal, and was his counsel throughout the proceedings in the lower court.
It is not disputed that the defendant was charged with, and subsequently pled guilty to, simple burglary. While on the witness stand at his trial, defendant was cross-examined by counsel for the state concerning his presence in court on January 24, 1986. The pertinent portion of the transcript reads as follows:
"CROSS-EXAMINATION
BY MR. HERNANDEZ:
Q. Mr. Brian, isn't it a fact that you were here in Natchitoches on January 24th, 1986?
A. No sir, I wasn't.
Q. Didn't you appear in court on January 24th in this court?
A. No sir ... no sir, my attorney appeared for me.
Q. Mr. Brian, did the Court ask you certain questions, for example, did the Court say before I can accept your plea, it is necessary for you to truly and fully answer certain questions, are you willing to do so? Did you answer, yes sir, on January 24th, 1986?
A. Yes sir, to the best of my knowledge.
Q. You did that?
A. Where here in this courtroom?
Q. Right.
A. Or just now.
Q. No, in this courtroom, on January 24, 1986.
A. I wasn't here in this courtroom, I'm sure of that. I think Mr. Whitehead was here in my capacity.
Q. Did you stand in front of Judge Whitaker on January 24, 1986 and plead guilty to simple burglary?
A. I don't believe so, sir.
Q. Mr. Brian, I'm holding a copy of the certified court minutes on January 24, 1986 that indicates that Mr. Whitehead represented you on that charge. And that you were present in the courtroom with Mr. Whitehead. And that you were indeed here, is that true or false.
A. Well, if you got the paper that says I was here, I guess I was here."
As the record shows, after being confronted with the minute entry, defendant admitted, albeit in an offhand manner, that he was present in court on January 24, 1986. Finally, the undercover agent, Ms. Fontenot, testified that on the evening of January *296 23, 1986, at the time of the drug sale, defendant asked his female companion whether she was going to come to court with him the next day in Natchitoches.
After considering the aforementioned law and evidence, we find that the trial court did not err in admitting the minute entry into evidence. Sufficient connexity was established between defendant and the person named in the minute entry and any lack of identification through such means as a fingerprint comparison should properly go to the weight of the evidence.
Defendant next contends that the state failed to prove beyond a reasonable doubt that defendant committed the crime. Specifically, defendant claims that the uncorroborated testimony of the undercover agent was insufficient to prove defendant's guilt beyond a reasonable doubt.
Defendant's contention appears to have no merit. To satisfy due process, the record evidence viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proved beyond a reasonable doubt. U.S. Const.Amend. XIV; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983).
Although there was only one witness that testified to the drug transaction, identification by a single witness may support a conviction even in the face of considerable alibi testimony. State in the Interest of Johnson, 461 So.2d 551 (La. App. 3rd Cir.1984). When there is conflicting testimony as to factual matters, the question of the credibility of a witness is within the sound discretion of the trier of fact. Johnson, supra; State v. Tassin, 472 So.2d 340 (La.App. 3rd Cir.1985), writ denied, 477 So.2d 97 (La.1985). A trial judge's factual determinations are entitled to great weight and they will not be disturbed unless they are clearly contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La.1977).
Viewing the evidence in the light most favorable to the prosecution, the state proved through the eyewitness testimony of the undercover agent, that defendant was the seller of the marijuana beyond a reasonable doubt. The trial judge does not appear to have abused his discretion in determining the credibility of the witnesses and, thus, his decision should not be overturned.
For the reasons assigned, we affirm the defendant's conviction and sentence.
AFFIRMED.