GUIDRY, Judge.
On July 26, 1983, defendant-appellant, Joseph Danny Reed, was indicted by a grand jury with two counts of indecent behavior with juveniles, in violation of La. R.S. 14:81, and two counts of contributing to the delinquency of juveniles, in violation of La.R.S. 14:92. Reed was tried before a six person jury and found guilty as charged on the violations of La.R.S. 14:92 and guilty of two counts of attempted indecent behavior with juveniles. Appellant was sentenced to serve a term of two (2) years at hard labor on each count to run concurrently. The sentences were suspended and appellant was placed on four (4) years active supervised probation with special condi *589 tions. Defendant appeals from these convictions and sentences urging only that the evidence at trial was insufficient to support the convictions.
Appellant was convicted of contributing to the delinquency of juveniles, a violation of La.R.S. 14:92, which reads in pertinent part as follows:
“A. Contributing to the delinquency of juveniles is the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
[[Image here]]
(7) Perform any sexually immoral act;
[[Image here]]
B. Lack of knowledge of the juvenile’s age shall not be a defense.
[[Image here]]
D. Whoever is charged and convicted of contributing to the delinquency of a juvenile under Paragraph (7) of Subsection A of this Section shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.”
Appellant was also convicted of attempted indecent behavior with juveniles, a violation of La.R.S. 14:27 and La.R.S. 14:81. La.R.S. 14:81, in pertinent part, reads as follows:
“A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.
[[Image here]]
C. Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than seven years, or both.”
La.R.S. 14:27, attempt, reads in pertinent part:
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
[[Image here]]
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
[[Image here]]
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”
In the instant case, the State was required to prove the following essential elements to convict the appellant of violating La.R.S. 14:92, subd. A(7): appellant was over the age of 17 at the time of the offense; the children involved were under the age of 17; and, appellant intentionally enticed, aided, or permitted the children to perform a sexually immoral act. To prove an attempted violation of La.R.S. 14:81, the State was required to establish beyond a reasonable doubt that appellant was over the age of 17 at the time of the offense; he committed or attempted to commit a lewd or lascivious act upon the person of or in the presence of a person under the age of 17 with the intention of arousing or gratifying the sexual desires of either person; and, appellant was more than two years older than the victim.
Testimony elicited at trial established that, at the time of the incident, the defend *590 ant was 27 years of age and the victims were 8, 11 and 13 years of age.
All three of the minor girls agreed, in their testimony, on the following facts. On an undetermined date in February, 1983, the three juveniles, L.T., R.T. and N.P., went to a residence owned by Reed’s girlfriend to visit with Chris, the son of the girlfriend. Reed lived at his girlfriend’s home. Although Chris was not at home, the defendant invited the girls into the residence to see some new furniture. The “tour” of the house ended in the defendant's bedroom, where he closed the door, turned on a red light and invited the girls to be seated on the bed with him. He then asked each child to remove her blouse. Only N.P. complied with this request. Defendant then removed his pants. Reed then enticed, coerced and/or intimidated the trio into rubbing his penis with cocoa butter from a jar he produced from a bedside table. During this activity, he cautioned the girls not to tell anyone, under threat of bodily harm. After about five to ten minutes, there was a knock on the front door. When the defendant put on a robe and went to answer the door, the three girls left by way of the back door to the house.
Defendant denied that the incident took place and produced witnesses who testified that R.T. and L.T. were at the house in March for Chris’ birthday party; appellant had a good reputation in the community; and, L.T. and R.T. had reputations in the community of being “wild” and not particularly truthful.
It is well settled that where there is conflicting testimony as to factual matters, the question of credibility of witnesses is within the sound discretion of the trier of fact, and such factual determinations will not be distrubed on appeal unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981); State v. Walker, 432 So.2d 1057 (La.App. 3rd Cir.1983); State in the Interest of Johnson, 461 So.2d 551 (La.App. 3rd Cir.1984); State v. Smith, 445 So.2d 521 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1346 (La.1984).
In the instant case, there is the testimony of the three young girls on one hand and the testimony of the defendant and his several witnesses on the other. From the verdict returned, it is obvious that the jury chose to believe the testimony of the witnesses for the prosecution rather than that of the defendant and his witnesses.
“... It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Trosclair, 443 So.2d 1098 (La.1983); State v. Richardson, 425 So.2d 1228 (La.1983).
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt.”
State v. Rosiere, 488 So.2d 965, 968 (La. 1986).
Our review of the record evidence in this case, in a light most favorable to the prosecution, reveals no clear error in the jury’s verdict. For these reasons, the convictions and the sentences imposed are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.