PICKETT, Judge.

FACTS

This matter arose as a result of the defendant’s behavior on May 12, 2000, and May 13, 2000. The defendant, owner of the building that houses the Video Center in New Iberia, went to the store on May 12, 2000. Upon entering the store, the defendant approached the victim, who was working at the time, and grabbed her breast and vaginal area. The victim pushed him away and advised him that his *1188 behavior was unacceptable. On May 13, 2000, the defendant returned to the store and approached the victim as she talked on the telephone during her break. The defendant placed his hand down the back of the victim’s pants, at which time the victim swung her arms pushing him away.
The defendant was charged by bill of information with the offense of sexual battery, a violation of La.R.S. 14:43.1, upon the victim in this matter, N.F. At the arraignment, the defendant entered a plea of not guilty. He subsequently waived his right to a trial by jury. This matter was tried as a bench trial on November 8, 2000, and the defendant was found guilty of simple battery, a violation of La.R.S. 14:35. On November 22, 2000, the court denied a motion to arrest judgment filed by the defendant and sentenced the defendant.
The defendant appeals his conviction.

ASSIGNMENT OF ERROR

The defendant files a single assignment of error, arguing the trial court erred in convicting the defendant of the offense of simple battery. The defendant argues simple battery is not a verdict responsive to a charge of sexual battery.
I ^DISCUSSION
Sexual battery is defined in La.R.S. 14:43.1 and provides in pertinent part:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1)The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2)The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
Simple battery is defined in La.R.S. 14:35 as a battery committed without the consent of the victim.
Responsive verdicts are addressed in La.Code Crim.P. art. 814. Sexual battery is not an offense listed in art. 814. Therefore, La.Code Crim.P. art. 815 governs. Art. 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense is a misdemeanor; or
(3) Not Guilty.
' The issue before us is whether simple battery is a lesser and included grade of the offense of sexual battery.
In State v. Schenck, 513 So.2d 1159 (La.1987), the Louisiana Supreme Court reversed a conviction for sexual battery and entered a judgment of simple battery. In doing so, the court noted:
With regard to defendant’s contention that there is no lesser included offense to the crime of sexual battery, we note that sexual battery is not listed in Louisiana Code of Criminal Procedure article 814 as an offense |afor which specific responsive verdicts are legislatively prescribed ... Therefore, article 815 applies.
[[Image here]]
Article 815 of the Code of Criminal Procedure states that in all cases not provided for in Article 814 a verdict of guilty of a lesser and included grade of *1189 the offense charged is a responsive verdict. A lesser offense is included in the charge of the greater offense if all of the elements of the lesser crime are included in the definition of the greater offense. State v. McCoy, 337 So.2d 192, 193 (La.1976).
The court further noted:
Simple battery, as defined in La.R.S. 14:35 is “a battery committed without the consent of the victim.” An essential element of battery is “physical contact whether injurious or merely offensive”, and it may be committed by touching another through clothing. State v. Dau-zat, 392 So.2d 393, 396 (La.1980). See also State v. Mitchell, 466 So.2d 514, 517 (La.App. 3 Cir.1985), writ denied, 467 So.2d 1121 (La.1985).
[[Image here]]
Every element of simple battery is included in the offense of sexual battery. Thus simple battery is a lesser and included offense of the crime of sexual battery. State v. McCoy, 337 So.2d at 196; State v. Cooley, 260 La. 768, 257 So.2d 400 (1972).
The reasoning in Schenck is applicable to the instant matter. The defendant was charged with the offense of sexual battery and was convicted of simple battery. The elements of simple battery are included in the offense of sexual battery. The defendant’s actions may be construed as an infliction of force upon N.F. in that his actions were not accidental or incidental, but constituted the requisite force to commit the simple battery. Physical contact is present in that the defendant touched N.F. through her clothing. The' offense was committed without the consent of the victim, evidenced by the fact the victim pushed the defendant during the first incident and | ¿swung at him during the second incident. All elements of the offense of simple battery are satisfied by the evidence presented in this case. The elements of simple battery are included in the offense of sexual battery, and, thus, simple battery is a lesser included crime of sexual battery.

ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.
AFFIRMED.