AMY, Judge.
hThe defendant was charged by bill of information with aggravated incest in violation of La.R.S. 14:78.1, contributing to the delinquency of a juvenile in violation of La.R.S. 14:92, and simple battery in violation of La.R.S. 14:35. He pled not guilty. Following a bench trial, the defendant was found guilty on all counts and sentenced to twelve years at hard labor for aggravated incest, two years at hard labor for contributing to the delinquency of a juvenile, and six months for simple battery. The sentences were ordered to run concurrently. The trial court denied the defendant’s motion for reconsideration of sentence. The defendant appeals the sufficiency of the evidence. For the following reasons, we *886 affirm as amended and remand with instructions.
Factual and Procedural Background
The record indicates that the defendant, J.L.,[1] married B.L. in February 2004. The couple lived with their two minor children as well as B.L.’s two children from a previous relationship. Several months later, B.L.’s fourteen year-old daughter, A.E., alleged that the defendant sexually molested her on three occasions in December 2004.
According to A.E., the first incident happened one Friday morning after B.L. had left for work. A.E. testified that the defendant came into her room around five a.m. and “said to go in his room and to listen for the alarm.” A.E. stated that she went to the bedroom the defendant shared with her mother and climbed into their bed. A.E. testified that she was sleeping on her stomach but awoke when she felt the defendant feeling on her “butt.” She explained that the defendant’s hands were initially on the outside of her clothes, but then he moved them inside her panties. According to A.E., |2the defendant subsequently moved her leg to the side and inserted a finger into her vagina. She testified that he rolled her onto her back, got on top of her, and rubbed his penis against her vagina. A.E. further testified that she “kind of pulled away and he told me to [sic] don’t worry, that he wouldn’t stick it in.”
A.E. stated that after the defendant ejaculated, he did not say anything to her. When the alarm sounded, she went to shower in her bathroom. A.E. testified that she then went into her bedroom, locked the door, and began to dress. She further testified that the defendant “came knocking [on] the door and [she] had opened it and he told [her] not to think of him as a monster and [that she] shouldn’t tell anybody.” A.E. explained that she did not tell anyone because she was afraid.
According to A.E., the second incident happened approximately a week later. She was sleeping in her bed when she felt the defendant’s hand going down her pajama pants. A.E. stated that the defendant was lying next to her in the bed and that he had reached inside her pants and touched her butt. She testified that “[w]hen [she] had kind of pushed him off of [her], he asked [her] did [she] want him to leave and [she] said, Tes.’ And then he got up and left.”
A.E. stated that the third and final incident occurred approximately three weeks after the first incident. A.E. remembered that B.L. had left for work, and she was in the living room watching television. A.E. testified that the defendant asked her if she knew how to perform oral sex “and if [she] could take care of him. And he had told [her] that [her] mama wasn’t showing him enough attention in things like that.” A.E. stated that she told the defendant “no.” She then went into her room and locked the door. She stated that she was afraid.
IsThe record indicates that in January 2005, A.E. returned to school from the holiday break. According to a witness, AJE.’s friend, she walked into the school bathroom one day and saw A.E. crying. When she asked A.E. what was wrong, A.E. told her that “her step-dad was touching her [in] places where she didn’t want to be touched.” The witness testified that A.E. told her that “she didn’t want to tell her mom because she didn’t want to ruin her mom and [the defendant’s] mar *887 riage.” She stated that she reported the information to the school counselor. The authorities were contacted, and after an investigation, the defendant was arrested.
The defendant was charged with and found guilty of aggravated incest, contributing to the delinquency of a juvenile, and simple battery. He was sentenced to twelve years at hard labor for aggravated incest, two years at hard labor for contributing to the delinquency of a juvenile, and six months for simple battery. The sentences were ordered to run concurrently. The defendant filed a motion for reconsideration of sentence, which the trial court denied. The defendant has perfected this appeal, arguing that the “State failed to present sufficient evidence to support the verdicts[.]”
Discussion

Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in need of correction.
Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is convicted of or pleads guilty to a sex offense, including aggravated incest. Here, the trial court did not deny the defendant diminution |4eligibility; thus, the defendant’s sentence for aggravated incest is illegally lenient. State v. S.D.G., 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244. “Pursuant to State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.” Id. at 1247. Accordingly, we amend the defendant’s sentence for aggravated incest to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A). The trial court is instructed to make a notation in the minutes reflecting the amendment.

Sufficiency of the Evidence

In his sole assignment of error, the defendant contends that “the evidence presented was insufficient to support the verdicts[.]” The defendant characterizes A.E.’s testimony as “inconsistent and equivocal” and argues that “the essential elements of the crimes ... were not proven beyond a reasonable doubt.”
In State v. Freeman, 01-997, pp. 2-3 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 580, this court set forth the standard for insufficiency claims:
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See Graffagnino, 436 So.2d at 563, citing State v. Richardson, 425 So.2d 1228 (La.1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt.

Aggravated Incest

Louisiana Revised Statutes 14:78.1 provides in pertinent part:
*888 |SA. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile....
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
Louisiana Revised Statutes 14:43.1 states in part:
A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender[J
After reviewing the record, we conclude that there is sufficient evidence to support the defendant’s conviction for aggravated incest. We note that A.E. was fourteen years old when these incidents occurred. At that time, the defendant was married to B.L. as evidenced by the couple’s marriage certificate, which was entered into evidence. Therefore, these elements of the offense are satisfied.
In addition to the testimony of A.E. and the witness who testified, the State also presented the testimony of Bernie McFarland, a child protection investigator with the Office of Community Services (OCS). McFarland stated that the authorities turned the investigation over to OCS. After speaking with A.E. and the school counselor, McFarland scheduled A.E. for a forensic interview. McFarland stated that she | ¿watched in another room as A.E. was being interviewed. McFarland testified that the “agency did validate sexual abuse of [A.E.], which means sexual contact or interaction with [A.E.] by her step-father[.] And it included touching her vaginal area and buttocks and digital penetration of her vaginal opening and stimulated [sic] intercourse by rubbing his penis against her vaginal area.”
The defendant’s actions constitute sexual battery pursuant to La.R.S. 14:43.1(A)(1) and La.R.S. 14:78.1(B)(1) in that he used parts of his body to touch A.E.’s genitals. Additionally, the evidence demonstrates that this act was done with the intent to arouse or satisfy the defendant, which is prohibited under La.R.S. 14:78.1(B)(2).
Furthermore, there is nothing in the record that supports the defendant’s assertion that A.E.’s testimony was inconsistent and, therefore, not credible. Despite the lack of medical or physical evidence, we find that A.E.’s testimony alone is sufficient to establish the elements of the sexual offense. See State v. Schexnaider, OS-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450. Therefore, we find that in viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of aggravated incest proven beyond a reasonable doubt.
This assignment is without merit.

*889
Contributing to the Delinquency of a Juvenile

Louisiana Revised Statutes 14:92 provides in pertinent part:
A. Contributing to the delinquency of juveniles is the intentional enticing, aiding, soliciting, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to:
17(7) Perform any sexually immoral act.
After a review of the record, we conclude that there is sufficient evidence to support the defendant’s conviction. As stated above, A.E. was fourteen years old when the incidents occurred, and the defendant was over the age of seventeen. Moreover, by asking his minor step-daughter to perform oral sex on him, the defendant was soliciting A.E. to perform a sexually immoral act. Accordingly, we find that a rational trier of fact could have found the defendant guilty of contributing to the delinquency of a juvenile. See, e.g., State v. Roger, 616 So.2d 830 (La.App. 3 Cir.), writ denied, 623 So.2d 1303 (La.1993) (where the defendant was convicted of contributing to the delinquency of a juvenile for enticing his daughter to expose her breasts and vagina to him.); State v. Reed, 512 So.2d 588 (La.App. 3 Cir.1987) (testimony that the defendant enticed, coerced and/or intimidated three girls into rubbing lotion on his penis was sufficient to support his conviction for contributing to the delinquency of juveniles).
This assignment has no merit.

Simple Battery

Louisiana Revised Statutes 14:35 defines simple battery as “a battery committed without the consent of the victim.” Battery, as defined in La.R.S. 14:33, “is the intentional use of force or violence upon the person of another.... ”
In State v. Tauriac, 01-1565 (La.App. 3 Cir. 4/3/02), 813 So.2d 1187, this court reviewed the defendant’s simple battery conviction. In affirming the conviction, the court explained:
The defendant’s actions may be construed as an infliction of force upon N.F. in that his actions were not accidental or incidental, but constituted the requisite force to commit the simple battery. Physical contact is present in that the defendant touched N.F. through her clothing. The offense was committed without the consent of the victim, evidenced by lathe fact the victim pushed the defendant during the first incident and swung at him during the second incident.
Id. at 1189.
Here, A.E. testified that she awoke one morning to the defendant lying beside her in her bed and rubbing her buttocks underneath the shorts she was wearing. A.E. further testified that when she pushed him away, the defendant asked her if she wanted him to leave. A.E. answered affirmatively, and the defendant then left the room. Because the defendant intentionally touched A.E. without her consent, we find that rational trier of fact could have found the essential elements of simple battery proven beyond a reasonable doubt.
This assignment lacks merit.
DECREE
For the foregoing reasons, the defendant’s convictions are affirmed. The defendant’s sentence for aggravated incest is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). This matter is remanded to the trial court *890 with instructions to make a notation in the minutes reflecting the amendment.
AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.
GENOVESE, J., concurs in part, dissents in part, and assigns written reasons.

. Pursuant to La.R.S. 46:1844, the initials of the parties involved have been used throughout.