NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1354

STATE OF LOUISIANA

VERSUS

JOHN Q. DAVIS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-K-0182-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

CONVICTION AFFIRMED; SENTENCE VACATED
AND CASE REMANDED FOR RESENTENCING.

Earl B. Taylor
District Attorney
Jennifer M. Ardoin
Assistant District Attorney
Twenty-Seventh Judicial District
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-0551
Counsel for Appellee:
    State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
    **John Q. Davis**

**DECUIR, Judge.**

The Defendant, John Q. Davis, was charged with simple burglary, in violation of La.R.S. 14:62. After a trial by jury, the Defendant was convicted of attempted simple burglary and was sentenced to serve six years at hard labor to run consecutively to any sentence that was then being served. Additionally, the court ordered restitution to be paid to Stage for the value of the property damage, i.e., the broken window. The Defendant is now before this court on appeal asserting a claim of insufficient evidence.

## FACTS

The bill of information charges the Defendant with committing the offense of simple burglary of a building and structure known as Stage. The record indicates that on December 11, 2003, an eyewitness observed three individuals burglarizing the Stage store in Opelousas, Louisiana.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent regarding the sentence, requiring the sentence to be vacated and the case remanded to the trial court for resentencing.

At sentencing, the trial court stated, in pertinent part:

> Additionally, the court orders that restitution to Stage in whatever sum is determined to be the amount of restitution for property damage, to-wit: a broken window.

In *State v. Fussell*, 06-324 (La.App. 3 Cir. 9/27/06), 941 So.2d 109, *reversed on other grounds*, 06-2595 (La. 1/16/08), 974 So.2d 1223, this court, on error patent review, found the trial court imposed indeterminate sentences by ordering restitution without specifying the amount of restitution and without specifying on which count or counts restitution was being imposed.

In this case, because no probation was imposed, this court could assume the trial court imposed restitution under La.Code Crim.P. art. 883.2. Additionally, the trial court failed to set a specific amount of restitution to be paid to Stage; thus, we find the Defendant's sentence indeterminate, thus, illegal. Consequently, we vacate the sentence and remand the case for resentencing. Upon remand, the trial court is instructed to set the specific amount of restitution owed by Defendant.

## ASSIGNMENT OF ERROR

The Defendant's sole assignment of error is that the evidence was insufficient to convict him of simple burglary because the State failed to meet its burden of negating any reasonable probability of misidentification. The Defendant does not dispute that an armed robbery occurred. However, he asserts the evidence was insufficient to prove he committed the offense.

> [W]hen the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. *State v. Weary*, 03-3067 (La.4/24/06), 931 So.2d 297; *State v. Neal*, 00-0674 (La.6/29/01), 796 So.2d 649. Positive identification by only one witness is sufficient to support a conviction. *Weary*, 03-3067 at p. 18, 931 So.2d at 311; *Neal*, 00-0674 at p. 11, 796 So.2d at 658; *State v. Mussall*, 523 So.2d 1305, 1311 (La.1988).

*State v. Hughes*, 05-992, pp. 5-6 (La. 11/29/06), 943 So.2d 1047, 1051. Furthermore, "[i]dentification by a single witness may support a conviction despite considerable alibi testimony. *State in the Interest of Johnson*, 461 So.2d 551 (La.App. 3 Cir. 1984); *State v. Brian*, 502 So.2d 293 (La.App. 3 Cir. 1987)." *State v. Henry*, 95-428, p. 6 (La.App. 3 Cir. 10/4/95), 663 So.2d 309, 311, *writ denied*, 96-681 (La. 5/16/97), 693 So.2d 793.

In brief to this court, the Defendant argues that the State failed to negate the reasonable probability of misidentification. He asserts that "the only evidence linking him to the crime is the sole eyewitness' testimony that he 'resembles one of the

suspects.'" He further contends that there was no physical evidence linking him to the crime, as no money or weapon was recovered. Additionally, no fingerprint evidence was available and the eyewitness was never presented with a photographic lineup.

The Defendant further asserts that the State failed to solicit testimony from the eyewitness that would establish his ability to make a positive identification. For instance, the witness' testimony does not reveal how close he was to the offenders, the lighting conditions, whether the witness was wearing eyeglasses at the time, what direction was the car facing, etc.

The Defendant also contends that the eyewitness testified that he remembered the Defendant's face but in his statement to the police, which was taken immediately following the incident, he gave a good description of the clothing but could give no physical descriptions.

In this case, the State's eyewitness was Nathan Roger Sloan, II. Mr. Sloan testified that on December 11, 2003, he lived on the first floor of an apartment complex located on Edith Street, which is on the corner of Creswell. He testified that his apartment was located opposite Creswell and that he had a clear view of the Stage department store. Mr. Sloan indicated that on the night of December 11, he heard a noise at Stage. He testified that he first looked through the window to see what was going on and then went outside. He further stated he saw a white car and some people trying to steal some stuff. Mr. Sloan testified that from his point of view, it looked like somebody broke the glass, the front glass, and somebody had walked in and grabbed whatever they wanted. He testified that he saw three people. The following exchange occurred:

Q.    Okay, and how many people did you see?

A.    Three.

3

Q.     Three, all right.  Do you see anyone in court that resembles one of the persons you saw that night?

A.     Yes, sir.

Q.     Would you point out that person?

A.     (Pointing out the defendant)

Q.     Would you describe his clothing?

A.     At that time?

Q.     Now.

A.     Right now, uh, yellow shirt with a horse on his shirt, uh, pants.

**MR. RICHARD:** Let the record show that he points to the defendant.

On cross examination, Mr. Sloan testified that he only saw one individual go into the Stage store and stated that individual was not the Defendant.  When asked whether he was ever asked to identify the Defendant in a photo lineup, he responded "I don't think so, I don't remember. I don't think so."  He further testified that he did not remember seeing the Defendant since 2003, on the night of burglary.  Defense counsel then presented Mr. Sloan with the statement he gave to the police.  Mr. Sloan read the statement and then answered the following questions:

Q.     Did you tell that to the police, that you saw a black male standing outside of the car, other than the man that went into Stage and came out with the clothes?

A.     No, I don't think I ever said I saw him standing outside the car.

Q.     You just remembered that today?

A.     No, I remembered it back then as well.

Q.     Well why didn't. . .

A.     He was never standing outside of the car, he was always in the car.

Q.     So you can identify my client while he was sitting in the car in front of Stage at twelve midnight?

4

A.     (Nods affirmatively)

**MS. MCCLAIN:** No further questions.

Defense counsel called Victor Fontenot to the stand. Mr. Fontenot testified that he was arrested for the burglary that occurred at the Stage store but that he was not convicted of that crime. He testified that the charges were dismissed. On cross-examination by the State, Mr. Fontenot testified that he participated in the burglary of the Stage store along with Christopher Williams and the owner of the car. He further stated that the owner of the car was a white person.

He then testified that he has pled guilty and has been convicted of three other simple burglaries and other misdemeanors. Mr. Fontenot testified that the white guy involved in the robbery wore a cap and was about 5'9" and weighed about 180 pounds. He could not recall the color of his hair or whether he had any facial hair. Mr. Fontenot testified that he drove the car on the night of the burglary and that the white guy rode in the backseat. He then admitted that he initially gave a false statement to the police when he told them that he was at his grandmother's house at the time of the robbery. Mr. Fontenot also stated that he has known the Defendant since they were children.

Mr. Sloan was then recalled by the State as a rebuttal witness. He testified that he saw the people in the vehicle and that there was no white male and that all three individuals were black males. Officer Cortez was also recalled as a rebuttal witness, and he testified that when he stopped the get-a-way car on Peggy Street he saw the individuals get out of the vehicle and that he was able to make an identification of their race. He further indicated that they were all black males. When asked if there was any chance that one of them was a white male, he replied, "No, sir."

5

We note that on cross-examination, defense counsel attacked the inconsistencies between Mr. Sloan's testimony at trial and his statement to the police. When Mr. Sloan was asked whether he remembered what the Defendant was wearing, he expressly stated that he just remembered the Defendant's face. He also testified on direct examination that he saw the Defendant open the car door. After reading the statement he gave to the police in 2003, Mr. Sloan testified that he never saw the Defendant standing outside of the car. Further, Officer Thomas testified that he did not recall Mr. Sloan stating that he could identify one of the perpetrators and indicated that had that been the case he would have presented him with a photographic lineup. The officer also indicated that Mr. Sloan's statement gave "a good clothing description and kind of a physical description." Additionally, we note that Victor Fontenot testified that he was involved in the burglary and that the Defendant was not present in the vehicle. Based on the testimony of these two witnesses, it is evident that credibility was at issue.

> Where conflicting testimony exists, calling for a determination of credibility of the witness is a matter of weight of the evidence and not its sufficiency. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. *State v. Nolan*, 503 So.2d 1186 (La.App. 3 Cir.), *writ denied*, 507 So.2d 226 (La.1987).

*State v. Leger*, 04-1467, p. 19 (La.App. 3 Cir. 6/1/05), 907 So.2d 739, 754, *writ denied*, 05-2263 (La. 4/17/06), 926 So.2d 509, *cert. denied,* 549 U.S. 910, 127 S.Ct. 245 (2006) (quoting *State v. Duncan*, 93-1384, p. 8 (La.App. 3 Cir. 4/6/94), 635 So.2d 653, 657, *writ denied*, 94-1067 (La. 10/28/94), 644 So.2d 649).

"A determination of the weight to be given to a piece of evidence or to a witness' testimony is exclusively the province of the fact finder and, in a criminal

case, may not be reviewed on appeal. LSA-Const. Art. V, § 10(B) (1974)." *State v. Taylor*, 94-1072, p. 6 (La.App. 3 Cir. 3/8/95), 651 So.2d 955, 959.

The jury's verdict indicates it chose to believe Mr. Sloan's testimony over that of Victor Fontenot. Credibility determinations should not be second guessed by this court. Accordingly, we find that the evidence presented by the State, considered as a whole and in a light most favorable to the prosecution, was sufficient for a reasonable jury to conclude that the Defendant committed the offense at issue herein. We further note that the jury in this case apparently reached a "compromise verdict" in finding the Defendant guilty of attempted simple burglary.

This assignment of error lacks merit.

## DECREE

The Defendant's conviction is affirmed. The Defendant's sentence is vacated and the case remanded to the trial court for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

7