663 So.2d 309 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Tyrone Davis HENRY, Defendant-Appellant.
No. CR95-428.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Charles F. Wagner, Dist. Atty., for State of Louisiana.
James S. Gravel, Alexandria, for Tyrone Davis Henry.
Before KNOLL, THIBODEAUX, and DECUIR, JJ.
KNOLL, Judge.
Defendant, Tyrone Davis Henry, was indicted with first-degree murder in violation of La.R.S. 14:30. Prior to trial, the indictment was amended to second-degree murder in violation of La.R.S. 14:30.1. After a three day trial by a twelve member jury, the defendant was convicted of the lesser included offense of manslaughter under La.R.S. 14:31. He was sentenced to fifteen years at hard labor with credit for time served. Defendant's *310 motion for a new trial and his motion for a post-verdict judgment of acquittal were denied by the trial court. The defendant then lodged this appeal, asserting that since there was insufficient evidence to prove that he had committed the offense, the trial court erred in denying his motion for post-verdict judgment of acquittal.

FACTS
Jerry L. Boatman was found lying near the intersection of Jeanette and Meyer Streets in Alexandria, Louisiana. Patrolman Ken Rachal of the Alexandria Police Department discovered Mr. Boatman while responding to a shooting at around 3:00 a.m. on February 12, 1994. Mr. Boatman was found in the middle of Jeanette Street, still straddling his bicycle, a few feet from the curb. He was unconscious and was bleeding profusely from a large wound to the left side of his head. He later died at Rapides General Hospital as a result of his head injury.
Dr. Brenda K. Reames performed an autopsy on Mr. Boatman. She found that the victim died of a "distant range" gunshot wound to the left side of the head near the forehead. Dr. Reames testified that because there was no gunpowder or soot found near the wound, the gunshot that killed the victim was fired from a distance of greater than two to two and a half feet. The characteristics of the wound caused Dr. Reames to conclude that the victim was shot from the side as opposed to the front. The weight of the bullet and bullet fragments recovered from the victim's body was consistent with the weight of a .38 caliber slug. The victim was posthumously tested for drugs and alcohol, and the results of those tests were negative.
An investigation was conducted by Detective Donald Weatherford of the Alexandria Police Department. An anonymous tip led Detective Weatherford to question Chris Smith. Mr. Smith gave the detective two .38 caliber bullets that he had found in his car the morning after the shooting. Mr. Smith also made statements that implicated a number of people in the killing, Tyrone Henry among them.
Based on the statements of Chris Smith and other witnesses, Detective Weatherford arrested Tyrone Henry for the killing of Jerry Boatman. Subsequent to the arrest, Detective Weatherford located and questioned Kenneth Swafford about the shooting. Mr. Swafford said that he had been an eyewitness to the shooting and implicated the defendant.
Many witnesses testified during the three day trial, and their statements often conflicted. Because defendant's appeal depends upon the sufficiency of the evidence adduced at trial, it is necessary to summarize the testimonies of the witnesses who appeared. The following is a synopsis of the record evidence.
Several neighbors testified that they heard the shot that killed Mr. Boatman, but upon looking out of their windows, they saw only a body lying in the street. Kelvin Atkins, one of the neighbors, was the first to go outside to investigate. He told his neighbor, Sharon Baggett, to call the police while he went over to Mr. Boatman's body. He was then approached by the defendant, Tyrone Henry, who suggested that Mr. Atkins do something to assist Mr. Boatman. Mr. Atkins informed the defendant that he had already called the police. Mr. Atkins' wife, Florence Atkins, testified that she heard the shot, and that she later saw the defendant around the body. She also stated that earlier that afternoon, she had seen a handgun in the waistband of the defendant's pants.
Chris Smith testified that on the night of the shooting, he had been drinking heavily at Rhonda Johnson's house since 2:30 or 3:00 that afternoon. The record shows that Rhonda Johnson's home is near the site of the shooting. When the shooting occurred, Chris Smith had already fallen asleep in a drunken stupor. When he awoke, several people told him about the shooting. Chris Smith's testimony clearly shows that he was fearful about being asked about the shooting, because he was afraid he would be accused or implicated in the offense. He was convicted of carnal knowledge when he was seventeen, and he was known to have guns. His testimony is at times contradictory and reluctant, but he clearly states that the defendant told him that he (the defendant) shot Mr. *311 Boatman. Chris Smith testified that another man, Derek Johnson, also boasted about killing Mr. Boatman. Chris Smith also testified that he had found some .38 caliber bullets in his car the morning after the shooting. He stated that he had loaned his car the night before to a group of his friends that included Tyrone Henry, and that the bullets were not in the car when he loaned it to them.
Kenneth Swafford testified that he had been walking to the store with the defendant in the early morning hours of February 12, 1994. He testified that he and the defendant were on Jeanette Street near Meyers when they were approached by a man on a bike who wanted to purchase a "dime rock" of cocaine. The defendant demanded to see the man's money, and when the man reached behind his back, the defendant pulled out a pistol and put it against the left side of the man's head. The defendant pulled the trigger once and the man on the bike flinched, but the gun did not fire. Then the defendant pulled the trigger a second time, shooting the man in the side of his forehead. The man on the bike immediately fell to the pavement. Kenneth Swafford identified the gun used by the defendant as a .38 snub-nose revolver. After the shooting, both men went to Rhonda Johnson's house where they had been earlier that evening. Upon arrival at the Johnson house, they told the people there that someone had been shot. They then waited until the police arrived before going outside. During this time, the defendant hid the gun somewhere inside the house. Mr. Swafford testified that he did not come forward immediately, because the defendant had threatened to kill him if he did so.
Several people who were playing cards at the Johnson house at the time of the shooting testified that the defendant and Kenneth Swafford were not in the house when they heard the gunshot. Both Rashida Ball and James Johnson testified that the defendant and Kenneth Swafford knocked on the door of the Johnson house a few minutes after they heard the gunshot. They further testified that Derek Johnson and Robert Allen James were inside the house when they heard the gunshot.
The defense called Derek Johnson, who testified that he had witnessed the shooting. Mr. Johnson stated that he was two blocks away from Jeanette and Meyers when he saw a blue car pull up to a man on a bike. He testified that a man he identified as Germaine Foster exited the passenger side of the vehicle and fired across the hood at the man on the bike. He also identified the driver of the car as Leroy Lowe. Derek Johnson stated that he then went to Rhonda Johnson's house where he knocked on the door and found the defendant and Kenneth Swafford playing cards with others.
Eric Battle and Robert Allen James both testified that they had been outside at the time of the shooting and had seen the blue car in the neighborhood at that time.

SUFFICIENCY OF THE EVIDENCE
The defendant challenges the sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The test under Jackson is whether any rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found every element of the crime beyond a reasonable doubt. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). When there is conflicting testimony it is the mandate of the fact finder to make the determination of credibility. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781. Therefore, this court should not second-guess the credibility determinations of the fact finder beyond the Jackson sufficiency evaluation. State v. Richardson, 425 So.2d 1228 (La.1983).
Identification by a single witness may support a conviction despite considerable alibi testimony. State in the Interest of Johnson, 461 So.2d 551 (La.App. 3 Cir.1984); State v. Brian, 502 So.2d 293 (La.App. 3 Cir.1987).
*312 Tyrone Henry was convicted of manslaughter under La.R.S. 14:31. We find there is ample evidence in the record for a rational jury to have found that the crime of manslaughter had taken place. The only issue is whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found that it was Tyrone Henry who shot Mr. Boatman.
The jury heard conflicting testimony on this issue. Kenneth Swafford testified that he was with the defendant, and that he saw the defendant shoot Mr. Boatman. The testimony of James Johnson and Rashida Ball confirms portions of Mr. Swafford's testimony. Derek Johnson, on the other hand, stated that two men in a blue car committed the slaying. His testimony is corroborated in part by two other witnesses. Chris Smith's testimony alone is not sufficient evidence against the defendant to convict the defendant of this offense. We find that the jury could have completely disregarded his testimony since his testimony was contradictory and reluctant. However, as there was other sufficient evidence to convict the defendant, namely, Kenneth Swafford, we do not place much, if any, emphasis on Chris Smith's testimony.
Because there was conflicting testimony, the determination of credibility of the witnesses was within the sound discretion of the jury. The jury heard all the testimony first-hand, and it observed the demeanor of the witnesses. Based on its observations, the jury resolved the credibility issue in favor of the state.
In light of all the evidence, we find that the determination of the jury was reasonable. We therefore confirm that a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found beyond a reasonable doubt that it was Tyrone Henry who shot Jerry Boatman.
The defendant asserts in his brief that Kenneth Swafford's testimony is irreconcilable with the testimony of the forensic pathologist, Dr. Reames, who testified that the shot that killed Mr. Boatman was fired from a distance of at least two feet from the victim. This contradicts Kenneth Swafford's statement that the defendant placed the gun to Mr. Boatman's head before he fired.
In the recent case of State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 631 So.2d 1163 (La.1994), this court stated the following:
The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Williams, 452 So.2d 234 (La.App. 1 Cir.1984), writ not considered, 456 So.2d 161 (La.1984), reconsideration not considered, 458 So.2d 471 (La.1984). The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand 429 So.2d 1385 (La.1982). Thus, in the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. State v. Owens, 606 So.2d 876 (La.App. 2 Cir.1992). Hongo, 625 So.2d 610 at 616.
Kenneth Swafford's testimony is not irreconcilable with the physical evidence in this case. He identified the weapon used as a .38 caliber revolver, which was consistent with the projectile taken from the skull of the victim. He said that Tyrone Henry was standing to the side of Mr. Boatman when he shot him. This statement is consistent with Dr. Reames' findings. He stated that Mr. Boatman "jumped one time" before he was shot by the defendant. This action could have created a space between his head and the gun. The jury was not unreasonable in believing the testimony of Kenneth Swafford.
Considering the testimony, physical evidence, and circumstantial evidence in this case, it is clear that a rational jury, viewing the evidence in a light most favorable to the prosecution, could have found the defendant guilty of manslaughter beyond a reasonable doubt. Therefore, the defendant's assignment of error is without merit.

*313 ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, the appeal record was reviewed for errors patent on the face of the record. One error patent has been discovered.
The defendant was immediately sentenced to fifteen years at hard labor following the denial of his motion for new trial by the trial judge. Article 873 of the Code of Criminal Procedure provides for a 24 hour delay between the denial of a motion for new trial and sentencing.
The defendant has not assigned the failure to observe the delay as error. The defendant has not asserted that he has been prejudiced as a result of the failure to observe the delay. Therefore this error is harmless. State v. White, 404 So.2d 1202 (La.1981).
AFFIRMED.