734 So.2d 687 (1999)
STATE of Louisiana, Appellee,
v.
Clinton James BERNARD, Defendant-Appellant.
No. 98-994.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*688 Janet M. Perrodin, Asst. Dist. Atty., Michael Harson, Lafayette, for State of La.
Edward John Marquet, Lafayette, for Clinton James Bernard.
Before: DOUCET, C.J., DECUIR, and PETERS, JJ.
DOUCET, Chief Judge.
This appeal seeks review of the conviction of the Defendant, Clinton James Bernard. On November 7, 1995, a bill of information was filed against the Defendant for a violation of La.R.S. 40:967, distribution of cocaine, and La.R.S. 40:1049, receiving proceeds from a violation of 40:967. The bill pointed out that the Defendant had previously been convicted of the same offense, on May 9, 1995. The bill was later amended to remove the La.R.S. 40:1049 charge.
The Defendant was arraigned and entered a plea of not guilty on December 5, 1995. On August 20, 1997, several motions in limine were disposed of by the trial court. A Notice of Intent to use the Defendant's inculpatory statements or confessions was filed August 21, 1997. Trial began the same day, and the following day the jury found the Defendant guilty as charged.
On January 21, 1998, a Motion to Continue Sentencing, to allow Defendant time to prepare a Motion for New Trial, was denied by the trial court. That same day, the Defendant was sentenced to seven years at hard labor, to run consecutively with any other sentence, with credit for *689 time served. Finally, on February 3, 1998, the Defendant filed a Motion for Appeal, which was granted by the trial judge. In this appeal, the Defendant assigns two errors.

FACTS
The Lafayette Police Department's Action Squad conducted a "buy-bust" operation on August 31, 1995, in which undercover officers were assigned to buy crack from suspected drug dealers. The undercover officers bought a rock of crack cocaine from Michael Bonner. Bonner obtained the rock he sold the officers from the Defendant. The two men realized that Bonner had sold cocaine to police officers when uniformed officers comprising the "take down team" entered the area. Both men fled the scene and were pursued by officers. During the chase, the Defendant threw away two clear bags of marijuana. Soon after, the Defendant was apprehended and arrested. The police also apprehended Michael Bonner, the co-defendant. Bonner later told police that the Defendant had asked him to sell the drugs and, after he was arrested, to take responsibility for the sale in return for money.
Defendant's second assignment of error deals with sufficiency of the evidence; hence, the other pertinent facts will be discussed fully in our disposition of that assignment of error.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Review of the record reveals one error patent.
The Defendant was not informed of the three-year time limit for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, the district court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, the Defendant contends the evidence presented at trial was insufficient to support his conviction. Although submitted as the Defendant's second assignment of error, we address the claim of insufficiency of the evidence first, as, if the assignment has merit, the Defendant will be entitled to an acquittal and consequently, a discussion of the other assignments would be pretermitted. State v. Hearold, 603 So.2d 731 (La.1992).
The Defendant asserts that the evidence was insufficient to convict him of the instant offense. He states that the only person who could testify to the fact that he was the one that gave Michael Bonner the crack was Michael Bonner, and since Bonner was a convicted felon and a "crack head," Bonner was not worthy of belief and thus, any conviction based on his testimony was erroneous.
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Distribution of cocaine (a Schedule II substance) is defined in La.R.S. 40:967, which provides in pertinent part:
... it shall be unlawful for any person knowingly or intentionally:
(1) To ... distribute ... a controlled dangerous substance classified in Schedule II;
The Defendant maintains that the State did not prove he had the specific intent to distribute the crack cocaine. In order to prove the intent element of the crime, the State was required to prove the Defendant had a subjective specific intent to distribute. State v. Hills, 498 So.2d 240 (La.App. 1 Cir.1986), writ denied, 503 So.2d 13 (La.1987). Specific intent is a state of mind and it need not be proven as a fact; it can be inferred from the circumstances and actions of the Defendant. *690 State v. Gordon, 646 So.2d 995 (La.App. 1 Cir.1994).
In State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.1992), writ denied, 609 So.2d 222 (La.1992), writ denied, 623 So.2d 1326 (La.1993), this court stated the following in regards to proving intent to distribute:
The intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to reasonable inferences of intent to distribute. Several factors from which intent to distribute may be inferred have been enumerated in Louisiana's jurisprudence. Those factors include: (1) that defendant ever distributed or attempted to distribute narcotics; (2) that the narcotics were in a form usually associated with narcotics possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
Id. at 1060 (Citations omitted).
The presence of cash is also considered circumstantial evidence of intent. State v. Jordan, 489 So.2d 994 (La.App. 1 Cir.1986).
Although these are factors to normally be considered when reviewing a distribution conviction, because the Defendant limits his appeal to the credibility determination of the jury as to the testimony of Michael Bonner, we will likewise limit our review.
On August 31, 1995, Lafayette Police were conducting an investigation of street level drug dealers. Undercover officers were assigned to buy drugs from persons suspected of dealing crack cocaine.
According to the police report issued in reference to the arrest of the Defendant, officers assigned to this "buy-bust" operation bought a "rock substance believed to be crack cocaine in the 300 block of Hilda Street." After the purchase, undercover Officer William Soileau radioed uniformed officers, making up the "take down team," a description of the two men who sold him the crack. Soileau said that Michael Bonner sold him a rock for a marked twenty dollar bill. He said that Bonner had received the rock from a man later identified as the Defendant.
When Bonner and the Defendant saw a police van coming toward them, they both began to run. The Defendant dropped two clear bags, which later turned out to contain marijuana, while fleeing. Both men were apprehended and arrested. Officers recovered the marked twenty dollar bill in the vicinity of the house under which Bonner was hiding. Upon conducting routine frisks of the two men following their arrest, officers discovered ninety-two dollars ($92.00), believed to be proceeds of drug sales, on the Defendant.
The two men were read their Miranda rights. Bonner stated to police that he was the one who sold the crack. However, shortly after his arrest, and again in a letter written to the district attorney, on September 21, 1995, Bonner, while admitting he sold the drugs, stated that he was paid by the Defendant to make the sale and then take responsibility for it upon the arrest of the two men.
At trial, Bonner testified that before his arrest, he and the Defendant were standing outside Bonner's mother's house when a car drove up and asked the two men if they had "something." Bonner responded "no." The Defendant told Bonner he had the crack and told Bonner to go make the sale. After Bonner initially refused, the Defendant told Bonner that he knew the people and that he had been dealing with them. He also told Bonner that if he would make the sale, he would give him a "hit." After the sale, Bonner met with the Defendant at another house to give him the money. Shortly thereafter, a police *691 van drove up and the two men fled the scene.
Bonner testified that he was a user and that he did not deal drugs, but that he knew the Defendant did deal drugs. He explained that after the sale, he tried to give the Defendant the money from the sale, but the Defendant refused to take the money. However, he related that when he took off running after spotting the police, the Defendant yelled at Bonner to give him back the money.
On cross, Bonner testified that his mother, a neighbor (Linda Melancon), and his five-year-old nephew were in the yard when the drug sale took place. He said that after the police found him under the house, Timmy Melancon told him the Defendant was "ratting on him." He further explained that initially he told police that he did not sell the drugs, but that comment was a lie. He later admitted to selling the drugs, but said that the drugs belonged to the Defendant.
Finally, defense counsel elicited the fact that Bonner was a known drug addict, and that he had been convicted three times: once for robbery in 1988, once for theft in 1992, and once for burglary in 1993.
It is well settled in Louisiana law that a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence. State v. Henry, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, writ denied, 96-0681 (La.5/16/97); 693 So.2d 793. According to State v. Jeansonne, 580 So.2d 1010 (La. App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991), the trier of fact may accept or reject, in whole or in part, any portion of a witness's testimony. Thus, a rational trier of fact might conclude that parts of Bonner's testimony are true, while others are less credible. The testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions or irreconcilable conflict with the physical evidence. State v. Henry, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, writ denied, 96-0681 (La.5/16/97); 693 So.2d 793. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand, 429 So.2d 1385 (La.1982). In the instant case, there was no evidence presented by the defense which conclusively rebutted Bonner's claim that the Defendant was the one who gave him the crack that he sold to the police officers.
The State presented the testimony of Officer William Soileau, who testified that when he and the other two undercover policemen approached Bonner and the Defendant about buying drugs, Bonner was the person who asked what they wanted; and that the Defendant appeared to be hesitant about dealing with them. It was only after Bonner said "They're cool, I know them," that the Defendant put something in Bonner's hand. Bonner then gave the police a rock of a substance that was later determined to be crack cocaine.
Soileau testified that although it was dark, he could see well and that he focused all of his attention on the two men and their exchange with each other, as well as Bonner's exchange with the police officers. Officer Soileau said that he was sure Bonner had nothing in his hands when they drove up and at no time did he see Bonner put his hands in his pocket or anywhere else.
Additionally, the State presented the testimony of Officers Mayeaux and Le-Blanc, who corroborated Officer Soileau's testimony completely.
The defense put on one witness to rebut the State's testimony that the Defendant had given Bonner the crack. Sheila Bernard, a cousin of the Defendant, admitted that she had not been there at 9:30 p.m. when the police officers conducted the buy, *692 but that she had seen Bonner and the Defendant talking earlier in the evening and heard Bonner ask the Defendant if he had anything, to which the Defendant replied "no."
In this case, it cannot be said that there were internal contradictions or irreconcilable conflicts with physical evidence. The jury was free to accept the State's version of the circumstances which led up to the sale of crack to the undercover police officers. The jury apparently believed Bonner and the police officer's testimony, and since it is not the duty of this court to second guess credibility determinations of the trier of fact, we find that the jury's conclusions should not be disturbed. Thus, we find the Defendant's second assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 1
In the Defendant's first assignment of error, he contends that the trial court erred when it refused to order a mistrial based on the prosecution's opening remarks which, he maintains, were inflammatory and prejudicial. Alternatively, he states that the trial court erred when it did not instruct the jury to disregard the prosecutor's remarks.
Specifically, Defendant contends the following remarks were "inflammatory and prejudicial" and thus, a mistrial or admonition was warranted:
But it's about drugs on our streets and police officers doing their job to stop and fight the drug problem in our city. So for that reason,We all know the seriousness of the drug problem in our city and in our country. We know the damage that even one street-level drug dealer has in our community, our children
We first note the Defendant's apparent failure to raise the prejudicial remark in a timely manner may have been a violation of the contemporaneous objection rule. Under Louisiana law, an objection to prejudicial remarks must be contemporaneously made. State v. Thomas, 325 So.2d 593 (La.1976). Consequently, if the objection to the improper remark is not raised by the defendant in a contemporaneous objection, the defendant is deemed to have waived it. State v. Williams, 383 So.2d 996 (La.1979). The record does not contain evidence of an objection. Under most circumstances this court would, without further comment, find the Defendant waived the objection.
However, the record does show the defense called for a sidebar. It is possible that during the sidebar defense counsel objected to the remarks and asked for an admonition or mistrial; however, because the record is devoid of the contents of the discussion, we are unable to ascertain whether any objection was made.
There was no transcription of the sidebar contained in the record. La.Code Crim.P. art. 914.1 puts the burden on the party requesting the appeal to make sure the record is complete so that the appellate court is able to review the merits of appellant's claim. Because the Defendant had that burden, but did not insist the sidebar be transcribed, we find the Defendant has waived his right to raise this issue on appeal.
Accordingly, for the reasons stated above, Defendant's conviction is affirmed. The district court is directed to inform the Defendant of the provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.
AFFIRMED.