STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1451

STATE OF LOUISIANA

VERSUS

CALVIN WARE

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 66773FB
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and James T. Genovese, Judges.

CONVICTION REVERSED; ACQUITTAL ENTERED; SENTENCE SET ASIDE AND VACATED.

**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**Telephone: (318) 259-2391**
**COUNSEL FOR:**
    **Defendant/Appellant - Calvin Ware**

**Christopher Brent Coreil**
**District Attorney - 13th Judicial District Court**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**Telephone: (337) 363-3438**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Raymond J. LeJeune**
**1401 Poinciana Avenue**
**Mamou, LA 70554**
**Telephone:  (337) 468-2229**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

THIBODEAUX, Chief Judge.

Defendant, Calvin Ware, appeals his jury conviction of attempted forcible rape on the basis that the evidence was insufficient to sustain a conviction of attempted forcible rape or any other responsive verdict. We agree. We reverse his conviction and order that a judgment of acquittal be entered.

## INSUFFICIENCY OF THE EVIDENCE

The elements of forcible rape are set forth in La.R.S. 14:42.1, which provides, in pertinent part:

> A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

Attempt is defined in La.R.S. 14:27 as:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
>
> . . . .
>
> C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

In *State v. Bernard,* 98-994 (La.App. 3 Cir. 2/3/99), 734 So.2d 687, 691,

this court stated:

It is well settled in Louisiana law that a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence. *State v. Henry*, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, *writ denied*, 96-0681 (La.5/16/97); 693 So.2d 793. According to *State v. Jeansonne*, 580 So.2d 1010 (La.App. 3 Cir.), *writ denied*, 584 So.2d 1170 (La.1991), the trier of fact may accept or reject, in whole or in part, any portion of a witness's testimony. . . . The testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions or irreconcilable conflict with the physical evidence. *State v. Henry*, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, *writ denied*, 96-0681 (La. 5/16/97); 693 So.2d 793. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. *State v. Tompkins*, 403 So.2d 644 (La.1981), *appeal after remand*, 429 So.2d 1385 (La.1982).

The victim testified about the events from which the charge against the

Defendant arose. She was a passenger in the Defendant's car. Accompanying them

were the victim's minor son and the Defendant's daughter and her boyfriend, whom

they drove to their residence at Chicot. After dropping off the Defendant's daughter, the remaining occupants of the car were the Defendant, the victim, and the victim's nine-year-old son. Shortly after leaving the Chicot area, the victim realized that the Defendant was drinking from a bottle he had underneath his seat. The Defendant allowed the victim to drive, but he later resumed driving the vehicle.

The victim eventually fell asleep while the Defendant was driving in the back roads of Oakdale, a rural area. She awoke when she felt the passenger door of the vehicle being opened by the Defendant. She attempted to exit the vehicle but the Defendant, according to the victim's testimony, shoved her back into the car. As she attempted to exit from the driver's side, the Defendant grabbed her leg and began to pull her jeans off as she was "fighting and trying to get away" from the Defendant. Eventually, her jeans were pulled from one leg only. The Defendant, she claims, managed to pull down her underwear as she "was struggling with him" and while she was screaming during this ordeal.

The victim further testified that she attempted to kick and push the Defendant away from her. The Defendant, however, "slammed [her] down into the car seat," pinned her down, and held his forearm against her throat. He then penetrated her vaginally. She later managed to escape from the car with her son who was asleep in the back seat during this occurrence.

The victim's son was nine years old at the time of the incident and ten years old at the time of his testimony at the trial. He testified that he was awakened during this confrontation and heard his grandfather, the Defendant, "hollering" at his mother, the victim. He did not see or hear anything else. After hearing this, he again fell asleep in the back seat of the vehicle until his mother awoke him sometime later.

At trial, the responding law enforcement officers testified that they were dispatched to the scene of a sexual assault. Upon their arrival, and through their

3

interaction with the victim, they did not think that a rape had occurred. Deputy Michael Kevin Fontenot testified that the victim told him the Defendant had asked her to have sex with him, but that she had refused. He also stated that he asked the victim if she had been raped. She told him she had not; she had just been choked and struck by the Defendant. Deputy Fontenot concluded that the offense was simple battery.

Deputy Anthony Reed testified that when he asked the victim whether she had been raped, she responded that "it's not that he didn't try." During an evidentiary hearing held on March 18, 2004, Deputy Reed testified that the victim told him she had not been raped. Deputy Reed did not observe signs of any visible marks on the victim's neck.

Detective Robert Bryce Fontenot testified that at approximately 3:40 a.m. on the morning of November 22, 2003, he was called by the 911 dispatch operator to investigate a rape. However, Detective Fontenot stated that before he was dressed and able to leave his home, he received a second call advising him that he was no longer needed because the perpetrator was being arrested for battery. Later that same morning, Fontenot called the victim in order to get a statement from her. The victim then came to the sheriff's department, met with Detective Fontenot and with Detective Keith Dupre, and tearfully reported that she had been raped by the Defendant. Following her statement, the victim was taken to a hospital for a rape examination.

Bernard W. Steele, an emergency room physician who was in his third year of residency at Ville Platte Medical Center, testified that the victim's "mood and affect" was consistent with that of a rape victim. She was "mildly distressed." His medical report noted "no abrasion, bruising, hematoma, or laceration" on the victim's body. The victim testified that the Defendant pinned his forearm against her throat.

4

However, Dr. Steele's examination detected no bruises to the neck area nor any pain or tenderness in that area. There was no evidence of physical trauma, nor was there evidence of trauma to the pelvic area. Moreover, his examination did not detect evidence of a hematoma between her anus and vagina. Her vaginal area appeared to be normal.

According to Dr. Steele, a rape kit was performed on the victim. This involves obtaining DNA samples to determine the presence of semen and fluids other than the victim's. The test was negative. Dr. Steele concluded that "there was no definite test that showed she [the victim] had been rape[d]."

This court is well aware that the testimony of a victim alone may be sufficient to establish the elements of a sexual offense "provided there is no internal contradiction or irreconcilable conflict with physical evidence." *State v. Bernard*, 734 So.2d at 691. When faced with the overwhelming physical evidence which militates against the finding of a sexual offense, the testimony of the investigating officers, the testimony of the victim's ten-year-old son who was present in the back seat during this occurrence, and the medical evidence submitted through the testimony of Dr. Steele, we are convinced that a fair reading of the whole record leads us to the inescapable conclusion that a rationale trier of fact could not have found the Defendant guilty beyond a reasonable doubt.

## CONCLUSION

The evidence in this record is insufficient to sustain the Defendant's conviction for attempted forcible rape or for any responsive verdict. We, therefore, reverse the Defendant's conviction and order an acquittal be entered and that the Defendant's sentence be vacated and set aside.

**CONVICTION REVERSED; ACQUITTAL ENTERED; SENTENCE SET ASIDE AND VACATED.**