**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1618

STATE IN THE INTEREST OF S.R.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. JC 2006-0143,
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Michael G. Sullivan, Judges.

ADJUDICATION AFFIRMED; REMANDED
WITH INSTRUCTIONS FOR DISPOSITION.

Michael Harson
District Attorney
Michelle M. Breaux
Assistant District Attorney
Post Office Box 3306
Lafayette, Louisiana 70502-3306
(337) 232-5170
Counsel for:
    State of Louisiana

Christopher R. Philipp
Attorney at Law
Post Office Box 2369
Lafayette, Louisiana 70502-2369
(337) 235-9478
Counsel for Defendant/Appellant:
    S. R.

SULLIVAN, Judge.

On February 3, 2005, the State filed a petition, alleging S.R. committed the offense of simple battery in violation of La.R.S. 14:35.[1] He pled not guilty. After a trial, S.R. was adjudicated a delinquent as charged. He was sentenced to serve "six months" with all but thirty days of the six months being suspended, placed on active supervised probation, and ordered to make restitution.[2] S.R. appeals, asserting the evidence was insufficient to support the adjudication.

## FACTS

M.S., a student at Milton Elementary School, testified that on November 14, 2005, he was lifting weights after school when he decided to get some air.[3] He exited the gym and saw S.R. and his brother, C.H., riding their bikes. The two boys approached him, and S.R. asked him if he had a problem. M.S. testified that he responded "no," then S.R. hit him in the face twice. M.S. further testified that he never put his hands on S.R., and there was no shoving match between him and S.R. He also testified that he suffered a broken nose, severe trauma to his eardrum, and temporomandibular joint disorder, as a result of the incident.

Paul Stephan, a coach at the school, testified that he saw M.S. enter the gym. Coach Stephan described M.S. as dazed, bleeding from the nose, and complaining that his face hurt. Coach Stephan testified that M.S. told him two boys on bikes approached him and "gave him verbal lip," then one of the boys got off his bike and hit him twice.

---

[1] The juvenile's initials and those of his family members are being used pursuant to Uniform Rules—Courts of Appeal, Rule 5-2.

[2] This is the sentence imposed at the adjudication hearing as indicated by the transcript; it differs from the sentence found in the minutes of court.

[3] The initials of the victim are used in accordance with La.R.S. 46:1844(W).

S.R. testified that he and C.H. went to the school on their bikes to pick up their sister, J.H., from basketball practice. S.R. further testified that after practice, he was outside the boy's locker room when M.S. approached him and asked if he had a problem. According to S.R., he laid his bike down and said, "no." At that time, M.S. pushed him, and he stumbled back. M.S. then came toward him, and he hit M.S. in the face. S.R. testified that he hit M.S. in self-defense because he thought M.S. was going to hit him. He further testified that when he hit M.S., M.S. fell, got up, and came after him again, so he hit M.S. a second time. S.R. testified that M.S. did not do anything other than shove him one time. C.H. corroborated S.R.'s testimony and further testified that M.S. was "trash talking" them.

J.H. testified that she was talking with her brothers when the incident took place. According to her, S.R. and C.H. told her that M.S. had been "trash talking" them while they were on the school's track. J.H. testified that she saw M.S. suddenly shove S.R. and try "to attack him almost." S.R. then hit M.S. S.R. thought M.S. was going to come at him again, so he hit M.S. a second time. J.H. testified that S.R. did not touch M.S. before M.S. pushed him and that after M.S. pushed S.R., M.S. continued to advance toward S.R., and S.R. hit M.S. J.H. did not hear any of M.S.'s "trash talk" because she was still in the gym.

Deputy Brent Ledoux responded to the incident. He testified that he was informed by Coach Stephan that an altercation had taken place at the school and that M.S. had been taken to the hospital. S.R. and C.H. told Deputy Ledoux that a shoving match occurred and that S.R. struck M.S. twice, then left. Deputy Ledoux proceeded to the hospital, where he spoke to M.S. Subsequently, he arrested S.R. at his home. Deputy Ledoux testified that he arrested the person he believed was the

2

aggressor; however, he also testified that S.R. and C.H. told him M.S. was the aggressor.

## SUFFICIENCY OF THE EVIDENCE and SELF-DEFENSE

S.R. contends that the trial court erred in concluding that he committed the offense of simple battery and in failing to consider his claim of self-defense.

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See State v. Captville*, 448 So.2d 676, 678 (La.1984). That standard dictates that to affirm the conviction the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that the State proved all elements of the crime beyond a reasonable doubt. *State v. Johnson*, 03-1228, p. 4 (La.4/14/04), 870 So.2d 995, 998; *Captville*, 448 So.2d at 678.

*State v. Spears*, 05-964, p. 2 (La. 4/4/06), 929 So.2d 1219, 1222.

S.R. was adjudicated a delinquent on the charge of simple battery. To convict S.R., the State was required to prove that he intentionally used force or violence upon M.S. without his consent. La.R.S. 14:33; La.R.S. 14:35. By his own admission, S.R. struck M.S. in the face twice, and there is no evidence that M.S. consented to S.R.'s striking him.

S.R. asserts the trial court's conclusion that his claim of self-defense was unjustified is contrary to all the evidence except for M.S.'s self-serving testimony. He urges that he had the right to use force against M.S., so long as the force was reasonable and apparently necessary to prevent M.S. from attacking him.

Louisiana Revised Statute 14:19 provides for the use of force or violence in defense as follows:

> The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible

offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.

Citing *State v. Updite*, 38,423 (La.App. 2 Cir. 6/23/04), 877 So.2d 216, *writ denied*, 04-1866 (La. 11/24/04), 888 So.2d 229, S.R. argues that the State was required to prove his claim of self-defense was unjustified and that the State failed to meet this burden. He urges that the trial court should not be allowed to disregard the overwhelming weight of the evidence where he claimed self-defense without giving some explanation as to why it found one side more credible than the other.

*Updite* is a non-homicide case based upon the holding in *State v. Scales*, 93-03 (La. 5/22/95), 655 So.2d 1326, *cert. denied*, 516 U.S. 1050, 116 S.Ct. 716 (1996), a homicide case. In *State v. Runyon*, 05-36, p. 29 (La.App. 3 Cir. 11/2/05), 916 So.2d 407, 427, *writ denied*, 06-1348 (La. 9/1/06), 936 So.2d 207, *writ denied*, 06-667 (La. 11/17/06), 942 So.2d 526, this court held that "[i]n non-homicide cases in which a defendant claims self-defense, the defendant bears the burden of proof by a preponderance of the evidence." The fourth circuit and the fifth circuit have applied the same standard. *See State v. Barbarin*, 04-1094 (La.App. 5 Cir. 3/1/05), 900 So.2d 95; *State v. Wischer*, 04-325 (La.App. 4 Cir. 9/22/04), 885 So.2d 602.

S.R.'s self-defense claim hinges on a credibility determination. In *State v. Bernard*, 98-994, p. 7 (La.App. 3 Cir. 2/3/99), 734 So.2d 687, 691 (citations omitted), this court addressed this issue stating:

It is well settled in Louisiana law that a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence. According to *State v. Jeansonne*, 580 So.2d 1010 (La.App. 3 Cir.), *writ denied*, 584 So.2d 1170 (La.1991), the trier of fact may accept or reject, in whole or in part, any portion of a

4

witness's testimony. . . . The testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions or irreconcilable conflict with the physical evidence. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient.

There was no physical evidence in this case. Although M.S.'s version of the events differs from that set forth by S.R., C.H., and J.H., the trier of fact was free to accept M.S.'s version of the events. The trial court explained his conclusion that S.R. committed a battery on M.S.:

What you did is a very serious offense, and I don't believe this one boy would have acted aggressively towards you with your brother and your sister there. It's like me attacking a mob. That's pretty -- I don't believe that. I was a kid your age at one time. I know better, so I don't believe none of that testimony that I heard this morning on your side of the aisle.

This court cannot second guess credibility determinations of the trial court which clearly believed M.S., not S.R. and his siblings. S.R.'s assignments of error are without merit.

### ERRORS PATENT

The Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review; however, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. An error patent review revealed several errors patent involving the disposition imposed.

First, the trial court failed to satisfy certain requirements when it orally imposed its disposition. S.R. was adjudicated a delinquent for a misdemeanor-grade act. Article 899 of the Louisiana Children's Code sets forth the punishment that may be imposed upon a juvenile in such cases. Section B of Article 899 provides conditions of probation; Section C allows for the commitment of a delinquent in such

5

situation to a private or public institution or agency; Section D provides for the commitment of a child thirteen years old or older at the time the act was committed to the custody of the Department of Public Safety and Corrections;[4] and Section E allows the trial court to suspend all or part of any sentence and place the juvenile on probation.

The trial court orally imposed disposition on S.R., ordering him to serve "six (6) months" with all but thirty days suspended and placing him on supervised probation for one year with the sole condition of probation being for him to "make restitution." The trial court did not state where S.R. was to serve his six month sentence, as provided in La.Ch.Code art. 899(C) and (D). Nor did the trial court impose the mandatory conditions of probation set forth in subsection (B)(1) of Article 899. The court minutes state that the trial court ordered S.R. to pay $6,980.48 in restitution, which is required by La.Code Crim.P. art. 883.2; however, the transcript does not reflect such an order.

A Probation Order signed by the trial judge, S.R., and his parents sets forth the amount of restitution, where S.R. was committed to serve his sentence, as well as mandatory and special conditions of his probation. It qualifies as a "written judgment of disposition," which is required by La.Ch.Code art. 903. Article 903 states in pertinent part:

> A. (1) Before entering a judgment of disposition, the court shall orally inform the child and shall state for the record the considerations taken into account and the factual basis therefor in imposing the particular disposition chosen.
>
> . . . .

---

[4]According to the record, S.R. was fifteen years old at the time of this incident.

B. The court shall enter into the record a written judgment of disposition specifying all of the following:

(1) The offense for which the child has been adjudicated a delinquent.

(2) The nature of the disposition.

(3) The agency, institution, or person to whom the child is assigned.

(4) The conditions of probation, if applicable.

(5) Any other applicable terms and conditions regarding the disposition.

(6) The maximum duration of the disposition and, if committed to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.

. . . .

E. The date of entry of the judgment of disposition shall be recorded on the judgment.

The Probation Order satisfies the requirements of La.Ch.Code art. 903. However, La.Ch.Code art. 902 mandates that all parties be present when the court enters a judgment of disposition. *See also*, La.Ch.Code art. 107. The Probation Order was signed by the trial court and the parties on different dates indicating that all the parties were not present when the judgment of disposition was entered.

Neither the trial court's oral disposition nor the written disposition satisfies the requirements of La.Ch.Code arts. 902 and 903. Therefore, the disposition is vacated, and the matter is remanded for the trial court to enter a judgment of disposition in compliance with this opinion and the requirements of La.Ch.Code arts. 899, 902, and 903.

Second, the trial court failed to impose a probation supervision fee, as required by La.Ch.Code art. 901.1. Upon remand for reimposition of disposition, the trial

7

court must impose a probation supervision fee in accordance with La.Ch.Code art. 901.1, if it places S.R. on supervised probation.

Third, the trial court failed to give S.R. credit for time served in secure detention prior to the imposition of disposition, as required by La.Ch.Code art. 900(A). *See also*, *State in the Interest of J. F.*, 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. Accordingly, the trial court is instructed to give S.R. credit for time served as provided in La.Ch.Code art. 900(A).

Finally, the trial court failed to advise S.R. of the time period for filing post-conviction relief as provided in La.Code Crim.P. art. 930.8. This court has required such advice to be given to juveniles, *Id.*, and the trial court is hereby instructed to advise S.R. of the two-year prescriptive period for filing post-conviction relief.

### *Disposition*

S.R.'s adjudication for simple battery is affirmed. However, the disposition is vacated, and the case is remanded for the imposition of a new disposition in accordance with this court's opinion. Upon remand, the trial court is instructed: to impose a probation supervision fee, if S.R. is placed on supervised probation; to give S.R. credit for time served in secure detention in accordance with La.Ch.Code art. 900(A); and to inform S.R. of the provisions of Article 930.8.

**ADJUDICATION AFFIRMED; REMANDED WITH INSTRUCTIONS FOR DISPOSITION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.

8