NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-911

STATE OF LOUISIANA

VERSUS

BRIAN CARMOUCHE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 06-230,588
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

AFFIRMED.

Jeffrey J. Trosclair
Assistant District Attorney
Sixteenth Judicial District Court
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100, Extension 550
Counsel for Appellee:
    State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA  71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
      **Brian Carmouche**

**Brian Carmouche**
**In Proper Person**
**Louisiana State Penitentiary**
**Spruce 2**
**Angola, LA 70712**

**DECUIR, Judge.**

Defendant, Brian Carmouche, was convicted on one count of distribution of cocaine, a violation of La.R.S. 40:967(A)(1). In addition, Defendant was adjudicated a habitual offender and sentenced to thirty-five years at hard labor, without benefit of parole, probation, or suspension of sentence based on his four felony convictions.

Defendant lodged this appeal asserting that there was insufficient evidence to convict him of distribution of cocaine and that his sentence is excessive.

**FACTS**

On November 3, 2005, Defendant sold a $20.00 rock of crack cocaine to an undercover officer. Defendant was arrested soon thereafter and identified by the undercover officer as the person who had sold him the drug.

**SUFFICIENCY OF EVIDENCE**

By this assignment of error, Defendant argues that the evidence was insufficient to convict him of distribution of cocaine. Specifically, Defendant maintains that the State did not sufficiently prove that he was the person who sold drugs.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Pursuant to La.R.S. 40:967(A)(1), the State has the burden of proving that Defendant had the intent to distribute cocaine. At trial, Officer Daniel Declouet of the Patterson Police Department testified that he was utilized in an undercover capacity by the St. Martin Parish Sheriff's Office on November 3, 2005. His job was to purchase illegal narcotics from street-level dealers. That evening at about 6:21 p.m., Officer Declouet was patrolling an area in Breaux Bridge when Defendant flagged him down, walked up to the window on the driver's side of the vehicle, and asked him what he was looking for. Officer Declouet responded, "I am looking for a '20.'" Officer Declouet noted that the lighting was good in the area at that time. According to Officer Declouet, Defendant pulled out a plastic bag from his pocket containing several white rocks believed to be crack cocaine and handed Officer Declouet a "20" in exchange for a $20.00 bill.

After the transaction, Officer Declouet called Agent Burkehalter, a narcotics investigator with the St. Martin Parish Sheriff's Office, gave him a description of Defendant so that he could be arrested, and then drove to a pre-determined location to wait. Agent Burkehalter testified that he was advised by Officer Declouet that a drug transaction had taken place and that he was given a physical description of the person with whom the transaction had been completed. Agent Burkehalter stated that Officer Declouet described the suspect as a black male with a light complexion, wearing a brown leather jacket, and standing next to a small store. According to Agent Burkehalter, Officer Declouet also advised him where the transaction had taken place on Anderson Street, and Agent Burkehalter was already located on that street.

2

At the time he was receiving the description from Officer Declouet, Agent Burkehalter noticed a person fitting the description, and the suspect was arrested. Agent Burkehalter testified that there was no other person in the area that fit the description given by Officer Declouet. Agent Burkehalter did a pat down search at the time of Defendant's arrest, and no suspected crack cocaine or money was found on his person. Officer Declouet estimated that two to three minutes elapsed from the time the purchase took place until the time Defendant was arrested.

The suspect was then taken to Officer Declouet and was positively identified as the person with whom the transaction had occurred. Officer Declouet estimated that seven minutes elapsed from the time the purchase occurred until the time officers arrived with Defendant for identification. Officer Declouet testified that he was about ten feet away from the patrol vehicle, and the back door was opened so that he could see Defendant. According to Officer Declouet, he was able to clearly see Defendant with the light coming from inside the vehicle.

Agent Burkehalter testified that a presumptive field test was performed on the suspected crack cocaine and that it tested positive for same. The crack cocaine was then placed into an evidence bag and submitted to the crime lab.

Officer Declouet identified Defendant in court as the person from whom he purchased the crack cocaine. Also, Agent Burkehalter identified Defendant in the court room as the person he arrested that night based on the description given to him by Officer Declouet.

In his brief to this court, Defendant asserts that the officers gave conflicting versions concerning the identity of the person they alleged distributed the cocaine. Defendant complains that different descriptions of the clothing worn by the alleged distributor were given by each of the officers, that he was not apprehended at the

3

scene, and that there was no audio or video evidence produced by the State at trial. Lastly, Defendant points out that there was no evidence of a sale of cocaine on Defendant's person at the time of his arrest.

In his *pro se* supplemental brief, Defendant complains that the officers neglected to secure a facial description, such as a prominent scar on his face next to his right eye, to describe his height, his build and his approximate weight, or to provide a clothing description. Defendant also contends that at a minimum, the officers should have either video and/or audio taped the transaction.

We find that there is no conflict concerning the identity of Defendant as the person who distributed the cocaine to Officer Declouet. A minor discrepancy exists with regard to the description of the location of the transaction, a snowball stand versus a small store, but this detail has no bearing on the identity of Defendant. Despite any of Defendant's allegations regarding his description given by Officer Declouet to Agent Burkehalter, the fact remains that Officer Declouet was face to face with Defendant at the time of the transaction in an area with sufficient lighting. Additionally, only seven minutes elapsed from the time of the transaction to the time Defendant arrived for Officer Declouet's identification. Lastly, Officer Declouet testified that he could clearly see Defendant in the police unit. Accordingly, it is unlikely that Officer Declouet made a mistake in identifying Defendant as the person who sold him the crack cocaine.

Defendant correctly asserts that there was no video or audio tape of the transaction. Officer Declouet testified that he was wearing a body microphone for his safety, in the event something went wrong, but that it was not used for the purpose of recording a conversation. Nonetheless, there is no requirement that a video or audio tape of the transaction must be made to identify a person as a distributor of a

4

controlled dangerous substance. Further, the testimony of a single witness is sufficient in proving Defendant's identity. In *State v. Bernard*, 98-994 (La.App. 3 Cir. 2/3/99), 734 So.2d 687, 691, this court stated:

> It is well settled in Louisiana law that a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence. *State v. Henry*, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, *writ denied*, 96-0681 (La.5/16/97); 693 So.2d 793. According to *State v. Jeansonne*, 580 So.2d 1010 (La.App. 3 Cir.), *writ denied*, 584 So.2d 1170 (La.1991), the trier of fact may accept or reject, in whole or in part, any portion of a witness's testimony.... The testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion in the absence of internal contradictions or irreconcilable conflict with the physical evidence. *State v. Henry*, 95-428 (La.App. 3 Cir. 10/4/95); 663 So.2d 309, *writ denied*, 96-0681 (La.5/16/97); 693 So.2d 793. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. *State v. Tompkins*, 403 So.2d 644 (La.1981), *appeal after remand*, 429 So.2d 1385 (La.1982).

Considering same, the testimony of Officer Declouet was sufficient to establish the identity of Defendant, in the absence of any internal contradiction or irreconcilable conflict with physical evidence.

The defense called one witness to testify on Defendant's behalf, his second cousin, Raymond Celestine. Raymond testified that he was with Defendant when he was arrested on November 3, 2005. Raymond stated that he was with Defendant at least twenty minutes prior to the arrest and had met him in the back of the snowball stand. According to Raymond, Defendant never left his company, and he never saw Defendant approach a vehicle on Anderson Street or sell anything. Further, he never saw anyone approach any vehicle while he was there. Lastly, Raymond stated that he did not see Defendant dispose of any crack cocaine prior to his arrest.

Although Raymond's testimony conflicts with the testimony of Officer Declouet, the jury chose to accept the testimony of Officer Declouet. In light of

5

*Bernard*, we find that Raymond's testimony does not render Officer Declouet's testimony insufficient in the instant case. This assignment has no merit.

## EXCESSIVENESS OF SENTENCE

In his second assignment of error, Defendant argues that his sentence is excessive. An oral motion to reconsider Defendant's sentence was made following the rendition of his sentence. However, Defendant did not set forth any grounds to support his claim. "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or Defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

6

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant's conviction for distribution of cocaine was his fourth felony conviction. The penalty for distribution of cocaine as set forth in La.R.S. 40:967(B)(4)(b) is two to thirty years at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence, and a possible fine of not more than fifty thousand dollars. The sentencing enhancement for a fourth felony offender is provided in La.R.S. 15:529.1(A)(1)(c)(i) which reads, in pertinent part:

> (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
>
> (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life. . . .

In the instant case, the sentencing range for Defendant is thirty years to life. Thus, Defendant's thirty-five year sentence was certainly a lower range sentence, especially considering he could have received a life sentence.

The trial court addressed the factors considered in sentencing Defendant for his conviction of distribution of cocaine as follows:

BY THE COURT:

> All right. On the charge of distribution of cocaine, the charge for which the Defendant was convicted in this Docket No. 06-230,588, the Court has considered all of the sentencing guidelines under Article 894.1 of the Code of Criminal Procedure and finds that there is an undue risk that, during the period of a suspended sentence or probation, the Defendant will commit another crime. He is in need of correctional treatment or a custodial environment. A lesser sentence would deprecate the seriousness of the Defendant's crime. The offender's conduct in this case has exhibited - He has exhibited, basically, an inability to follow the law.

> His past criminal history and record indicates serious crimes of violence. He has previously been involved in similar offenses and the offense was a controlled dangerous substance offense with previous controlled dangerous substance offenses on his record.

> The offense was at a location where it could easily have endangered human life and safety if there had been an immediate arrest.

> There was no evidence of mitigation presented.

Other than reviewing Defendant's prior convictions, the trial court did not offer any additional reasons for sentencing when it vacated Defendant's original sentence and sentenced him as a habitual offender.

Considering the aggravating factors noted by the trial court, the lack of mitigating factors presented at sentencing, and the fact that Defendant faced a life sentence as a habitual offender, Defendant's sentence does not shock one's sense of justice, nor is it a needless imposition of pain and suffering. Accordingly, we find no abuse of discretion in the sentence imposed by the trial court.

## DECREE

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

8